Pope County State Bank, Appellee, v. U. G. I. Contracting Company, Appellant.

Heard in this court at the
October term, 1931. Opinion filed
February 1, 1932. Rehearing denied March 8, 1932.

JOHN W. BROWNING, for appellant.

DURFEE & HOLMES, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This suit was brought by appellee as assignee of the Evansville Sand & Gravel Company under section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18. The declaration consists of the common counts. Appellee recovered on the theory that there was a stated account. Appellant insists that there was nothing in the bill of particulars to show that the suit was based upon an account stated. We cannot consider the bill of particulars because it has not been preserved in the bill of exceptions. *Star Brewery v. Farnsworth,* 172 Ill. 247. Appellee insists that upon the argument of the motion for a new trial appellant waived all questions except that the verdict is contrary to the evidence and that this fact appears in the judgment order. If appellant waived any of its grounds for a new trial that is a fact which should have been preserved in the bill of exceptions.

The evidence fails to show an account stated. On June 9, 1925, appellee's assignor agreed in writing to

rent to appellant a derrick boat, a steam boat, two dredge boats and four barges for the sum of $360 per day. Appellee's assignor was to furnish all of said boats and barges with full crews for one 10-hour shift, pay all wages and board, supply coal, oil and all supplies, pay for all repairs and all operating expenses and assume all responsibility regarding the equipment.

A few days later the parties entered into a supplemental agreement to the effect that the lump sum charge of $360 per day should be divided as follows:

| | |
|---|---|
| For the derrick | $70.00 per day of 10 hours; |
| For the steam boat | 85.00 per day of 12 hours; |
| Each of the two dredge boats | 85.00 per day of 10 hours; |
| Three barges at $10.00 per day | 30.00 per day |
| One barge | 5.00 per day. |
| Total for outfit | $360.00 |

After the making of the original contract appellee's assignor was paid each week. Credits were allowed to appellant for the time that the barges were not in use for as much as ten hours per day. All of the equipment was released by appellant in the fall of 1925.

On March 15, 1926, appellee's assignor made out a bill against appellant in which appellant was charged with the use of the barges for 14 additional hours in each day from June 9, 1925 to July 27, 1925, making a total charge of $2,401. The president of appellee's assignor testified that appellant's engineer called him on the telephone and said: "Eichel, you've got me on the barge claim. I have o.k'd your bill for $2,401.00." Appellee's claim is based solely upon that testimony. No evidence was offered to show that the barges were actually used 24 hours per day. In fact, the president

of appellee's assignor admitted on the witness stand that they were not used 24 hours per day. The alleged telephone conversation was denied by two witnesses, who testified that they were present in the office when McCormick conducted the telephone conversation and that McCormick did not make the statement above quoted.

But without regard to that alleged conversation and the contradiction thereof, it clearly appears from the supplemental contract that the charges for the equipment were on the basis of 12 hours per day for the steamer, 10 hours per day for the derrick and dredge boats, but that there was no limitation as to the number of hours per day for the use of the four barges. The evidence is undisputed that when weekly payments were made, credits were allowed appellant for the time the barges were not in use. The last weekly settlement was made several months prior to the time it is claimed that the account stated was made out.

There is no evidence that there was any agreement or understanding that appellant was to pay more than $35 per day for the use of the four barges. That amount was fully paid with the exception of such credits as were agreed upon and allowed. Under the supplemental contract there was no basis for a claim that appellant should pay more than $35 per day for the use of the barges.

An account stated cannot be made the instrument to create an original liability; it merely determines the amount of the debt where liability previously existed. 1 C. J. 699; 45 L. R. A. (N. S.) 535, note. An account stated only determines the amount of the debt where a liability exists, and cannot be made to create a liability *per se* where none before existed. *Stocking v. Seed Filter & Mfg. Co., Inc.*, 162 N. Y. S. 451. An action at law on an account stated lies only where there have been transactions previous to the statement of

the account which created the relation of debtor and creditor. *Cavanaugh Bros. Horse Co. v. Gaston,* 255 Mass. 587, 152 N. E. 623.

While appellee's assignor and appellant had previous dealings, yet several months before the alleged account stated came into existence those transactions had been fully settled and at the time the alleged account stated came into existence there was no existing liability and there was then no relation of debtor and creditor. The judgment is contrary to the law and the evidence and is reversed with a finding of facts.

*Reversed with a finding of facts.*

The clerk will insert in the judgment the following: "The Court finds that there was no account stated within the meaning of the law and that appellee was not entitled to recover."