ESTATE OF SHANNON. WOODRING, a Minor, Appellee, *v.* LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant.

Second District   No. 78-262

Opinion filed April 27, 1979.

Richard R. Haldeman and Edward R. Telling, both of Williams, McCarthy, Kinley, Rudy & Picha, of Rockford, for appellant.

Scott Boyd, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Four-year-old Shannon Woodring was injured in a car accident on October 30, 1975. The cost of her medical treatment totaled $1109.40, which sum was paid directly to the hospital and various doctors by Liberty Mutual Fire Insurance Co. (hereinafter Liberty) under its contract of insurance with Frank O'Keefe, Shannon's grandfather and the owner of the car she was in when injured. Shannon's mother, Kathleen Woodring, was appointed guardian of her estate, and the attorney for the estate was appointed guardian ad litem for the settlement hearing. Pekin Insurance Co., the insurer of the tortfeasor, filed a petition to settle the minor's claim against the tortfeasor for $5,000. The guardian of the estate recommended that the offer be accepted, and the guardian ad litem also approved. The petition for settlement included provision that Liberty be subrogated in the amount of the payments it had made for the minor's medical expenses noted above. The parties raised no objection to the settlement initially, but the court questioned the subrogation of Liberty for the medical payments made for the minor's treatment. The guardian ad litem joined in raising this issue and objected to the payment to Liberty. The court disallowed the subrogation claim and Liberty appeals from that order.

Liberty contends that Shannon received the benefits of the express terms of its insurance policy with her grandfather, that she is a third-party beneficiary of that contract and therefore is bound by the original contract, including the subrogation provision. It also contends that it should be subrogated on a theory of equitable restitution.

We note initially that the claim for benefits under the policy was made and signed by the mother, Kathleen, and that Liberty's claim form specified that the company was subrogated to any recovery made by "the undersigned," which would be the mother in this case. It is our opinion that this is an indication of a belief on the part of Liberty that the benefits of the payment of Shannon's medical expenses flowed to the mother, in that the

company specified that it intended to be subrogated to the mother. Liberty urges that Shannon benefited by the express terms of the contract of insurance and that she was a third-party beneficiary of that contract.

■■ This court has previously taken note of the general rule that the doctrine of subrogation applies when one who is not acting as a mere volunteer or intruder pays a debt for which another is primarily liable and which in equity should have been discharged by the person primarily liable. (*King v. King* (1978), 57 Ill. App. 3d 423, 373 N.E.2d 313.) It has also long been the law in Illinois that a minor is liable for necessaries only if the sale is on his own credit and not on the credit of another. (*Sinklear v. Emert* (1856), 18 Ill. 63; *Logan Furniture Mart, Inc. v. Davis* (1972), 8 Ill. App. 3d 150, 289 N.E.2d 228.) Considering the record as a whole in the present cause, it is apparent that Shannon's medical expenses were necessaries, for which her parents were primarily liable (Ill. Rev. Stat. 1975, ch. 68, par. 15); that because Shannon was not primarily liable for her medical expenses, Liberty cannot enforce a right of subrogation against her; that because Shannon's parents were primarily liable for her medical expenses, payment of those expenses by Liberty was to the benefit of the parents rather than Shannon and accordingly, Shannon was neither the beneficiary of payments under the express terms of the insurance contract or a third-party beneficiary as to such payments. Because it is the minor's estate which is recovering under the settlement agreement with the tortfeasor, and the minor's estate has received no benefit from the payment of the medical expenses, we hold that Liberty has no subrogation right against a payment by the tortfeasor as part of the settlement of a claim by the minor's estate. Similarly, because it is not the minor's estate which has benefited as a result of the medical payments, there is no basis on which Liberty could seek restitution as against the minor's estate.

We accordingly affirm the decision of the trial court.

Affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.