*In re* ESTATE OF ADAM STEVEN HAMMOND (Estate of Adam Steven Hammond, Plaintiff-Appellee, v. Aetna Life and Casualty Company, Defendant-Appellant).

First District (1st Division)   No. 85—0871

Opinion filed March 17, 1986.

John W. Lally, of Chicago, for appellant.

Robin Forbes, of Benjamin & Shapiro, Ltd., of Chicago, for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

Aetna Life & Casualty Company appeals from an order of the circuit court of Cook County denying its subrogation lien against the funds received by the estate of Adam Hammond, a minor, as a result of Adam's settlement with the responsible tortfeasor.

On June 27, 1984, Adam Hammond, age 17 months, was involved in a motor vehicle accident. His parents had an automobile insurance policy with Aetna Life & Casualty Company (hereinafter Aetna), which extended coverage not only to Adam's parents as the principal insured, but to the Hammond family members as well. Pursuant to the policy's medical payment provision, Aetna paid $4,273 of the minor's medical bills. After Adam Hammond's estate settled with the responsible third party tortfeasor, Aetna claimed a subrogation lien pursuant to the terms of its policy. The minor's estate objected to the

lien, and in accordance with the decision in the *Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211, the trial court held that Aetna had no subrogation rights against a payment by a tortfeasor as part of the settlement of a claim to a minor's estate. The trial court found that the minor was not a third-party beneficiary under the contract, and was, therefore, not bound by the original contract, including the subrogation provision.

At issue in this appeal is whether Aetna can be subrogated in the amount of its payment of Adam Hammond's medical expenses under a settlement between Adam Hammond's estate and the responsible tortfeasor.

■ We note initially that the trial court was correct in its determination that it was bound by the holding in *Woodring*. In Illinois, rulings of an appellate court of any district are binding precedent on all the circuit courts if there are no contrary rulings of another district on the same issue. (*People v. Collings* (1981), 95 Ill. App. 3d 325, 329, 420 N.E.2d 203; see also *People v. Spahr* (1978), 56 Ill. App. 3d 434, 438, 871 N.E.2d 1261.) In view of the fact that only the second district had ruled on this issue, all circuit courts within the State were bound by its decision.

The appellant, however, argues that *Woodring* was erroneously decided, and urges this court not to apply its holding in the instant case. We disagree with appellant's contention, and for the reasons stated below we affirm the decision of the lower court and expressly ratify the decision handed down by the second district in *Woodring*.

■ ■ In Illinois, the Family Expense Statute (Ill. Rev. Stat. 1983, ch. 40, par. 1015) has been judicially interpreted as rendering the parents liable for the medical expenses of their minor children. (*Graul v. Adrian* (1965), 32 Ill. 2d 345, 347, 205 N.E.2d 444.) It is also well established that the minor is liable for necessaries only if the sale is on his own credit, and not on the credit of another, including his parents. (*Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 894, 412 N.E.2d 624; 2 Williston on Contracts sec. 240, at 51 (3d ed. 1959).) Thus, the obligation to pay the medical expenses is on the parent, and the cause of action to recover for the medical expenses lies in the parent, not in the child. (*Bibby v. Meyer* (1965), 60 Ill. App. 2d 156, 163, 208 N.E.2d 367.) As this court has stated, this rule is not affected by the fact that the insurance company paid any or all of the expenses since the payment of the expenses was to the benefit of the parents, who are liable for the expenses, rather than for the benefit of the child, who was not. (*Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 895, 412 N.E.2d 624.) We also note that, in the instant case, the medical

expenses were billed to the parents and not to the minor.

The facts in *Woodring* are virtually indistinguishable from the facts presented in the present case. In *Woodring*, four-year-old Shannon was injured in an automobile accident. Liberty Mutual Fire Insurance Company paid for the minor's medical treatment pursuant to a contract of insurance with the minor's grandfather. As in the instant case, Liberty attempted to claim a subrogation lien under its policy against a payment by the tortfeasor as part of a settlement claim with the minor's estate. Liberty contended that the minor benefited by the express terms of the contract of insurance, that she was a third party beneficiary of that contract, and was therefore bound by the original contract. The trial court disallowed the subrogation claim and Liberty appealed. After considering all of the evidence, the appellate court held:

> "[I]t is apparent that Shannon's medical expenses were necessaries, for which her parents were primarily liable (Ill. Rev. Stat. 1975, ch. 68, par. 15); that because Shannon was not primarily liable for her medical expenses, Liberty cannot enforce a right of subrogation against her; that because Shannon's parents were primarily liable for her medical expenses, payment of those expenses by Liberty was to the benefit of the parents rather than Shannon and accordingly, Shannon was neither the beneficiary of payments under the express terms of the contract or a third-party beneficiary as to such payments. Because it is the minor's estate which is recovering under the settlement agreement with the tortfeasor, and the minor's estate has received no benefit from the payment of the medical expenses, we hold that Liberty has no subrogation right against a payment by the tortfeasor as part of the settlement of a claim by the minor's estate." (*Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 160, 389 N.E.2d 211.)

We find that the principles enunciated in *Woodring* are sound. Furthermore, the *Woodring* decision was cited with approval by the First District Appellate Court in *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 895, 412 N.E.2d 624, wherein the court held that a minor child could not recover for medical expenses if the parent could not recover. There the court said that while parents, who have a cause of action for medical expenses necessitated by injuries to their child, may assign their cause of action to that child, that child, however, is subject to any defenses which might have been raised against his parents. Thus, if there are defenses to the parent's right to recover for

medical expenses, the child cannot recover. 89 Ill. App. 3d 890, 895, 412 N.E.2d 624.

Nevertheless, here Aetna suggests that, because a minor's contracts are not void, but merely voidable, the minor cannot accept the benefits of Aetna's coverage, and at the same time reject the burden of Aetna's subrogation rights. We find Aetna's argument unpersuasive because, at the time of the accident, Adam Hammond was only 17 months old and, as was stated previously, it was his parents who were liable for the medical expenses under the Family Expense Statute. Also, the contract of insurance was between Adam's parents and Aetna, and it is the general rule in Illinois that the doctrine of subrogation applies only when one who is not acting as a mere volunteer or intruder pays a debt for which another is primarily liable and which in equity should have been discharged by the person primarily liable. *King v. King* (1978), 57 Ill. App. 3d 423, 427, 373 N.E.2d 313.

Thus, in view of the fact that Adam's parents were primarily liable for his medical expenses pursuant to the Family Expense Statute (Ill. Rev. Stat. 1983, ch. 40, par. 1015), payment of these expenses by Aetna was to the financial benefit of the parents rather than Adam, and, therefore, Adam was neither the beneficiary of payments under the express terms of the insurance contract nor a third party beneficiary as to such payments. Here it is the minor's estate which recovered under the settlement agreement with the tortfeasor, and the minor's estate has received no benefit from the payment of the medical expenses. Accordingly, we hold, as did the court in *Woodring*, that Aetna had no subrogation rights against the settlement of the claim to the minor, Adam Hammond's estate.

The judgment of the circuit court is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.