EDMUND KLEM *et al.*, Indiv. and as Parents and Next Friends of Andrew Klem, a Minor, Plaintiffs-Appellees, v. CLAUDIA ROONEY MANN, Defendant-Appellant (Health Cost Controls of Illinois, Inc., Intervenor-Appellant; Edmund Klem *et al.*, Indiv. and as Parents and Next Friends of Andrew Klem, a Minor, *et al.*, Respondents-Appellees).

First District (1st Division)   No. 1—94—1762

Opinion filed May 6, 1996.

David A. Belofsky and James J. Merriman, both of David A. Belofsky & Associates, of Chicago, for appellant Health Cost Controls of Illinois, Inc.

Richard C. Gleason, of Edmund J. Scanlan, Ltd., of Chicago, for appellees.

JUSTICE WOLFSON delivered the opinion of the court:

This case concerns a group health plan's attempt to recover some of the money it paid for medical expenses incurred by a six-year-old after he was hit by a car.

The trial judge, relying on a long-standing rule that subrogation liens against recoveries received by the estates of minors are invalid, found that the plan was not entitled to any recovery. We agree with that conclusion, but we disagree with the trial court's dismissal of the plan's amended intervening complaint against the minor's father.

## FACTS

On April 24, 1990, six-year-old Andrew Klem (Andrew) was injured when he was hit by a car driven by Claudia Mann (Mann). Andrew's medical expenses of $26,739.37 were paid by the Anchor Organization for Health Maintenance (Anchor), a group health care plan sponsored by the City of Chicago. Andrew's father, Edmund Klem, was employed by the city.

Anchor was authorized by the plan to extend benefits to members injured in accidents caused by third parties. The subscription certificate, which is the contract of insurance, provided that a "Member/ Beneficiary shall mean either a Subscriber or a Family Dependent."

The certificate had a reimbursement provision which read:

"Section 9.4: Right of Recovery from Third Party *** ANCHOR retains *** the right to be reimbursed in the event of a recovery from [third] parties. Therefore, the beneficiary or anyone acting on his or her behalf, agrees:

(a) to fully cooperate with ANCHOR in obtaining information about the loss and its cause;

(b) to notify ANCHOR of any claim for damages made on behalf of the beneficiary in connection with the loss;

(c) to include the amount of the benefits paid by ANCHOR on behalf of the beneficiary in any claim for damages made against other parties;

(d) that ANCHOR (i) shall have a lien on all sums recovered by or on behalf of the beneficiary in connection with the loss to the extent of its payments; and (ii) may give notice of that lien to any party who may have contributed to the loss; and

(e) to reimburse ANCHOR from any funds received from these other parties by or on behalf of the beneficiary whether received by settlement, judgment, or otherwise. *** If the funds from the other parties are received by settlement, the amount ANCHOR is to be reimbursed will be the lesser of: (1) the amount paid by ANCHOR for the loss; or (2) 50% of the settlement."

On June 21, 1990, Andrew's parents, Edmund Klem and Salvina Klem (the Klems), filed a suit against Mann in both their individual capacities and as parents and next friends of Andrew.

In count I of their complaint, the Klems, as parents and next friends of Andrew, sought damages for the injuries Andrew received in the accident. In count II of their complaint, the Klems, in their individual capacities, sought damages for medical expenses under the Rights of Married Persons Act (Ill. Rev. Stat. 1991, ch. 40, par. 1015 (now 750 ILCS 65/15 (West 1992))) (the Family Expense Act).

On July 17, 1990, and on August 20, 1990, Anchor sent a letter to the Klems asking them to complete a "RUSH-ANCHOR Third Party Recovery Authorization." The Klems did not do so.

On August 9, 1991, Anchor sent a letter to the plaintiffs' attorney, informing the attorney of the contractual provision in the insurance policy that gave Anchor a lien on any recovery from a third party for damages for which Anchor paid benefits. On December 23, 1993, Health Cost Controls of Illinois, Inc. (HCC), an assignee of Anchor, sent a notice of lien to the plaintiffs' attorney.

On December 30, 1993, the plaintiffs' attorney wrote HCC, informing it that the parents would be dismissing their claim for medical expenses. On January 21, 1994, the parents filed a notice of motion stating that they intended to dismiss count II of their complaint on that date. The notice of motion did not name HCC as a recipient. On January 21, the plaintiffs dismissed their claim for damages under the Family Expense Act and the plaintiffs' attorney wrote HCC to inform it of the dismissal.

On January 25, 1994, the plaintiffs signed a release settling their suit against Mann for $15,000.

On February 22, 1994, the plaintiffs filed a notice of motion stat-

ing that on February 23, 1994, they would dismiss their complaint against Mann. This motion did name HCC as a recipient. On February 22 or 23 (the order is stamped "February 22" but the plaintiffs claim the order was issued February 23), the plaintiffs dismissed their action against Mann.

On March 2, 1994, the plaintiffs filed a motion to adjudicate the lien received from HCC. On March 17, 1994, HCC's attorney filed an appearance and presented HCC's petition to intervene and its response to the plaintiffs' motion.

On May 9, 1994, HCC filed an amended intervening complaint. In its complaint, HCC claimed that it was entitled to receive from the plaintiffs the money due under the insurance plan. HCC claimed that it had a valid lien on any monies paid to or on behalf of Andrew and that it was entitled to receive monies from the settlement fund. HCC attached a copy of the insurance subscription certificate.

On May 16, 1994, the trial court held a hearing to adjudicate HCC's lien. It found no basis for the lien and adjudicated the amount to $0. HCC's amended complaint was dismissed with prejudice. This appeal followed.

OPINION

1. HCC's Subrogation Lien Against the Minor's Estate

When the case against Mann was settled, the count asking for damages on Andrew's behalf was the only remaining count. The settlement was for the benefit of Andrew's estate.

■ A firm line of appellate cases has established the rule that subrogation liens against recoveries received by minors' estates are not valid. *Estate of Aimone v. State of Illinois Health Benefit Plan/ Equicor*, 248 Ill. App. 3d 882, 619 N.E.2d 185 (1993); *In re Estate of Hammond*, 141 Ill. App. 3d 963, 491 N.E.2d 84 (1986); *Estate of Woodring v. Liberty Mutual Fire Insurance Co.*, 71 Ill. App. 3d 158, 389 N.E.2d 211 (1979).

The reasoning that supports those decisions applies to this case.

The medical bills were addressed to Edmund Klem, not Andrew. Under the Family Expense Act (750 ILCS 65/15 (West 1992)), the Klems, not Andrew, were responsible for those bills. The parents, not the child, received the benefit of the payments by the plan. The payments were not made to Andrew or on behalf of Andrew, because he was not liable for the expenses in the first place. Since the plan provided no benefit to the minor's estate, it could not recover its payments from the estate by way of subrogation.

HCC contends this is not really a subrogation case. Rather, says

HCC, it is a reimbursement case. We see the distinction. We do not see any difference. Either way, the parents received the benefit of the payments. The child did not. We do not see any reason why *Aimone*, *Hammond*, and *Woodring* should not control the outcome of this case. We reject HCC's contention that an affirmance would allow a double recovery by the parents. The parents made no recovery in the lawsuit. The $15,000 settlement was received by Andrew's estate.

HCC contends the accepted answer to the question of who recovers the settlement money relies on a fiction. We all know, says HCC, the parents receive the money. We are not prepared to say that the well-established dichotomy between the parents' interests and the child's interests is a sham.

HCC argues that this case is more like *Sosin v. Hayes*, 258 Ill. App. 3d 949, 630 N.E.2d 949 (1994), where the court did allow an insurance company to recover from a settlement with a minor's estate.

In *Sosin*, the trial court found, and the appellate court agreed, that the minor was a third-party beneficiary of his father's insurance contract. The minor's mother had assigned her right to reimbursement for medical expenses to the minor. His father had executed a reimbursement agreement for medical expenses on behalf of himself and his child after the child was injured. The minor suffered a permanent injury that would need on-going care. His future medical expenses would be so large and so continuous that the minor would continue to receive benefits from the insurance company well after he reached majority. The minor had up to $1 million worth of benefits in the policy and could be expected to use it all. Based on the equities and circumstances of the case, the court found that the minor was a direct and intended beneficiary of the insurance contract.

In this case, the trial judge declined to decide whether Andrew was a third-party beneficiary of his father's insurance policy. There was no reason to. Andrew's parents did not assign their rights to Andrew. Edmund Klem did not execute a third-party recovery authorization. Nothing in the record suggests Andrew was permanently injured or that he would receive benefits for his accident injuries after he reaches his majority. *Sosin* does not apply to this case.

HCC relies heavily on a decision by a judge in the United States District Court for the Northern District of Illinois, *Health Cost Controls v. Rogers*, 909 F. Supp. 537 (1994). There, HCC correctly contends, the contract language was virtually identical to that in this case, the facts were close to the facts here, and the result favored HCC.

In fact, *Health Cost Controls v. Rogers* supports our conclusion that HCC is not entitled to recover from the minor's estate. The

district judge expressly said he was relying on a federal statute, the Employee Retirement Income Security Act of 1974, to find that the plan should be reimbursed from the settlement with a minor's estate. The outcome would be different, said the judge, "if this court were to apply the Illinois common law rule forbidding insurers from exercising a right of subrogation against the settlement of tort claims by minors whose parents are responsible for the minors' medical expenses." *Health Cost Controls v. Rogers*, 909 F. Supp. at 541. He cited *Hammond*, *Woodring*, and *Aimone*.

We conclude that the trial judge in this case correctly reduced Anchor's lien to zero.

2. The Dismissal of HCC's Amended Intervening Complaint

After the plaintiffs filed a motion to adjudicate HCC's lien, and after the parents' claim was dismissed, HCC was allowed to intervene. It filed a petition to enforce its lien on the settlement. That first petition and the amended intervening complaint named the Klems as individual parties. They remain parties, without objection, in this appeal.

■ Generally, parties intervene in cases before judgment. *Moore v. McDaniel*, 48 Ill. App. 3d 152, 159, 362 N.E.2d 382 (1977). Intervention is allowed when it is necessary to protect the intervenor's rights. *Moore v. McDaniel*, 48 Ill. App. 3d at 159. The parents do not contest the timeliness of the intervention, nor do they make an issue of the fact they no longer were parties to the case against Mann when the first intervening petition was filed.

Once an intervenor is allowed to enter a lawsuit, it has all the rights of an original party, unless limited by the trial court. 735 ILCS 5/2—408(f) (West 1992). In this case, the trial court's order permitting HCC to·intervene did not impose any limits. We view the amended intervening complaint as an original complaint against the Klems.

■ A motion to dismiss a complaint should not succeed if the trial judge can find in it any set of facts that would support a recovery. *Commerce Bank v. Plotkin*, 255 Ill. App. 3d 870, 872, 627 N.E.2d 746 (1994). While the Klems did not file any pleading entitled "Motion to Dismiss," their motion to adjudicate the lien had that effect. In a single order, the trial court adjudicated the lien to zero and dismissed the amended intervening complaint with prejudice.

■ To establish a claim for breach of contract, a plaintiff must allege that a contract existed between it and the defendant, that the plaintiff substantially performed its obligation under the contract, that the defendant breached the contract, and that the plaintiff was

damaged by the breach. *Dreyer Medical Clinic v. Corral*, 227 Ill. App. 3d 221, 227, 591 N.E.2d 111 (1992).

■ HCC's amended intervening complaint did not use the words "breach of contract," but it did set out enough factual allegations to establish a claim for breach of contract.

Attaching to its complaint the actual contract, HCC alleged: it had a contract with Edmund Klem, it paid the benefits it owed to Edmund Klem under the contract, the contract required that the insured (Edmund) has an obligation to seek damages from a third party and to reimburse HCC for any recovery, the Klems voluntarily dismissed their count that sought medical expenses, and Edmund had not reimbursed HCC.

We believe HCC has alleged Edmund's breach of a contractual duty to pursue the claim for medical expenses on HCC's behalf. Fairness requires that HCC be given an opportunity to proceed against Edmund Klem in the trial court. We vacate the trial court's dismissal of the amended intervening complaint as to Edmund only and remand for further proceedings. Salvina Klem was not a party to the contract with HCC. We make no comment on the merits of HCC's claims against Edmund.

CONCLUSION

The order granting the plaintiffs' motion to adjudicate the lien of Health Cost Controls to zero dollars is affirmed. The order dismissing HCC's amended intervening complaint is reversed and remanded as to Edmund Klem only, and is affirmed as to Salvina Klem.

Affirmed in part; reversed and remanded in part.

BUCKLEY and BRADEN, JJ., concur.