NOTICE

Decision filed 05/04/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0561

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| PRIMAX RECOVERIES, INC., | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Pulaski County. |
| | ) |
| v. | ) No. 02-CH-2 |
| | ) |
| TRACY ATHERTON, BROOKE ATHERTON, | ) |
| and PHIL ATHERTON, | ) Honorable |
| | ) Mark H. Clarke, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

This appeal involves the right of a health insurance company to recover from the proceeds of a settlement involving a minor child with catastrophic injuries stemming from negligent medical care. The child's complaint in the underlying medical malpractice action alleged, among other things, that she had incurred medical expenses in the past; however, it is impossible to determine what, if any, portion of the proceeds received pursuant to the settlement were intended to compensate her or her parents for past medical expenses. The medical malpractice suit was filed in Missouri, where the child had the right to sue for medical bills in her own name, jointly with her parents. See *Boley v. Knowles*, 905 S.W.2d 86, 90 (Mo. 1995). The plaintiff, Primax Recoveries, Inc. (Primax), appeals an order of the trial court dismissing its complaint for a declaratory judgment. Primax argues that the trial court erred in finding that the "minor's doctrine" prevented it from seeking reimbursement. We affirm.

Brooke Atherton was born in July 1993. She suffered from respiratory distress within

1

the first day of her life. In treating Brooke for this problem, physicians at St. Louis Children's Hospital attempted to place subclavian lines in her. In performing the procedure, they ruptured Brooke's subclavian artery, causing an infarction to the temporal lobe of her brain. This in turn caused severe and permanent brain damage that has left Brooke severely mentally and physically disabled and in need of ongoing medical care.

At the time Brooke was born, her mother, Tracy Atherton, was an employee of the State of Illinois. Both Tracy and Brooke were covered under the State of Illinois Quality Care Health Plan. The plan provided, in relevant part:

"1. In the event of any payment under this Plan, the Plan shall be subrogated to all of the covered person's rights of recovery ***. ***

2. The Plan is also granted a right of reimbursement from the proceeds of any settlement, judgment[,] or other payment obtained by or on behalf of the covered person. ***

* * *

5. No adult covered person hereunder may assign any rights that such person may have to recover medical expenses from any tort[]feasor *** to any minor child or children of the adult covered person ***."

On February 17, 2000, Phil Atherton, as the father and next friend of Brooke, filed a medical malpractice action in Missouri against St. Louis Children's Hospital and two physicians. The complaint alleged that, as a result of the negligent treatment she received, Brooke had sustained permanent brain damage, would be unable ever to engage in employment, and would require specialized care, education, and therapy. The complaint further alleged that Brooke had incurred medical expenses in the past and would continue to incur approximately $10,000 per month in medical expenses on an ongoing basis. The complaint requested compensation for Brooke's actual damages, without specifying an

2

amount sought.

The Quality Care Health Plan assigned its contractual right to reimbursement to Primax, and Primax filed the instant declaratory judgment action in Illinois on January 11, 2002. Primax's complaint sought a declaratory judgment establishing its right to reimbursement from the Athertons. On August 8, 2003, Primax filed an amended complaint in which it alleged that there had been a jury trial in the Athertons' medical malpractice suit in May 2002 but that the Athertons had settled the case before the jury rendered a verdict. On February 17, 2004, Primax filed a second amended complaint, in which it alleged that (1) Brooke's original complaint in the medical malpractice action included an allegation that she had incurred medical expenses in the past, (2) Brooke and her parents had settled their claims for an amount "greatly exceeding $1,000,000," and (3) the Athertons had "concealed" the terms of the settlement agreement from Primax.

Each time a complaint or amended complaint was filed, the Athertons filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2000)). In each, they argued that the minor's doctrine, which precludes reimbursement from the estate of a minor (see *Klem v. Mann*, 279 Ill. App. 3d 735, 738, 665 N.E.2d 514, 517 (1996); *Estate of Woodring v. Liberty Mutual Fire Insurance Co.*, 71 Ill. App. 3d 158, 160, 389 N.E.2d 211, 212 (1979)), is applicable and that Primax failed to allege any facts that would demonstrate that it was entitled to relief from the Athertons. Primax argued in response that the facts of the instant case fell within an exception to the minor's doctrine found by a division of the First District Appellate Court in *Sosin v. Hayes*, 258 Ill. App. 3d 949, 630 N.E.2d 969 (1994). On August 9, 2005, the trial court granted the Athertons' motion to dismiss, holding that the case before it was distinguishable from *Sosin* and controlled by *Klem*. Primax filed the instant appeal on August 26, 2005.

Primax argues that its complaint stated facts which would entitle it to reimbursement

3

either from Brooke's estate or from Phil and Tracy Atherton.  Its argument that it is entitled to reimbursement from Brooke's estate is essentially an argument that, because a complaint filed in her own name included a claim for medical expenses that had been paid by the health plan, she became a third-party beneficiary of the plan, obliged to reimburse the plan or protect its subrogation rights pursuant to the contractual language quoted above.

We note at the outset that the instant case differs from the precedents cited by both parties in one significant respect–it comes to us after a ruling on a motion to dismiss the complaint.  Thus, we must treat all well-pled facts in Primax's complaint as true.  Well-pled facts are specific allegations of fact that bring a complaint within a recognized cause of action; mere conclusory allegations unsupported by specific facts will not suffice.  *County of Cook v. City of Chicago*, 229 Ill. App. 3d 173, 175-76, 593 N.E.2d 928, 930 (1992).  In the cases cited by both parties, trial courts made factual findings regarding whether the minors involved were made third-party beneficiaries of their parents' insurance contracts, findings that appellate courts review to determine whether they are against the manifest weight of the evidence.  See *Sosin*, 258 Ill. App. 3d at 952, 630 N.E.2d at 971 (finding that the trial court's determination that the minor child was made a third-party beneficiary of his father's health insurance plan was not contrary to the manifest weight of the evidence); *In re Estate of Hammond*, 141 Ill. App. 3d 963, 965, 491 N.E.2d 84, 85 (1986) (noting that the trial court found that the minor child was not a third-party beneficiary of his parents' insurance plan).  Here, by contrast, our review is *de novo*.  See *Crusius v. Illinois Gaming Board*, 216 Ill. 2d 315, 324, 837 N.E.2d 88, 94 (2005).  For the reasons that follow, however, we agree with the conclusion of the court below that Primax cannot prove that it is entitled to the relief it seeks, even under this less deferential standard.  See *Klem*, 279 Ill. App. 3d at 739, 665 N.E.2d at 518 (noting that "the trial judge declined to decide whether [the minor child] was a third-party beneficiary of his father's insurance policy" and finding such a determination

4

unnecessary where there was no evidence that the father had assigned to the child his claim for medical expenses for the child's injury).

In Illinois, a health insurer or medical care provider has no claim for subrogation or reimbursement against funds received by the estate of a minor from a tortfeasor pursuant to a judgment or settlement. *Estate of Woodring*, 71 Ill. App. 3d at 160, 389 N.E.2d at 212. This is because the parents, rather than the minor, are responsible for paying the minor's medical bills. See 750 ILCS 65/15(a)(1) (West 2002). Thus, Illinois courts have found that payments made by a medical insurance plan for the treatment of a minor benefit the parents (who are responsible for the child's medical bills), not the child (who bears no financial responsibility). Because the payments benefit the parent rather than the child, the child is not a third-party beneficiary under the insurance contract and is thus not bound by contractual provisions such as the subrogation and reimbursement clauses here at issue. *Estate of Woodring*, 71 Ill. App. 3d at 160, 389 N.E.2d at 212. Further, any claim for medical expenses incurred in treating a minor for injuries sustained due to a tortfeasor's negligence belongs to the parents, rather than the child. *Kennedy v. Kiss*, 89 Ill. App. 3d 890, 894, 412 N.E.2d 624, 628 (1980). The minor's doctrine is premised on *both* the rule that a minor child cannot be a third-party beneficiary of an insurance contract *and* the related rule that only the parents can recover for the child's medical expenses. See *In re Estate of Hammond*, 141 Ill. App. 3d at 967, 491 N.E.2d at 87.

As previously noted, Missouri takes a different approach to minors' claims for personal injuries that include claims for medical expenses. The Missouri Supreme Court found that the primary purpose behind the rule that a cause of action for a minor's medical expenses lies only with the minor's parents was to prevent double recoveries. Because the court found that this purpose could be served through other means, it held that a cause of action for medical expenses belonged jointly to the minor child and the parents. *Boley*, 905

5

S.W.2d at 90.

Brooke filed her underlying medical malpractice suit in Missouri against three Missouri defendants. Because of this difference in the law, Phil and Tracy did not need to file a separate claim seeking compensation for Brooke's medical expenses. Primax argues that this fact brings the case within the exception to the minor's doctrine found by the *Sosin* court. We disagree.

In *Sosin*, a minor who was covered under his father's health insurance plan was seriously and permanently injured in a car accident. After he was injured, his father signed a written reimbursement agreement that was consistent with the reimbursement clause in his insurance policy. *Sosin*, 258 Ill. App. 3d at 950, 630 N.E.2d at 970. The mother, as the next friend of her son, filed a lawsuit against the driver. She expressly assigned to her son her claim for medical expenses. *Sosin*, 258 Ill. App. 3d at 954, 630 N.E.2d at 972. The trial court found that, by these actions, the parties manifested an intent to make the minor a third-party beneficiary of the contract, and the appellate court held that this finding was supported by the evidence. *Sosin*, 258 Ill. App. 3d at 952, 630 N.E.2d at 971. This holding is consistent with the general principle that when a party assigns a cause of action to another, the claim is subject to any defenses to it that might have been asserted against the party assigning the claim. See *Kennedy*, 89 Ill. App. 3d at 895, 412 N.E.2d at 628. In the instant case, by contrast, there is no allegation that Phil or Tracy took any affirmative steps from which a court could infer an intent to make Brooke a third-party beneficiary of Tracy's insurance contract. Thus, we find the case at bar readily distinguishable from *Sosin*.

Primax argues, however, that the instant case is analogous to *Sosin* in one other respect. In *Sosin*, the appellate court observed that the insurance company made payments to the minor that were "so large and continuous that, when taken together with those payments [the minor] has a legal right to expect under the contract in the future, when he is no longer a

6

minor, they constitute a financial benefit to the minor himself." *Sosin*, 258 Ill. App. 3d at 953, 630 N.E.2d at 972. The instant case likewise involves medical expenses that will continue throughout Brooke's life. We do not believe that this fact alone is sufficient to bring this case within the ambit of *Sosin*'s holding. That court focused on the actions of the parents that had given the minor third-party beneficiary status. Simply put, if Brooke was not a third-party beneficiary to Tracy's insurance policy and did not receive compensation for her medical expenses in the settlement, Primax has no claim on her recovery even though she will eventually receive a financial benefit from the insurance coverage when she reaches adulthood.

The instant case is somewhat different from *Klem* and other cases applying the minor's doctrine, in that Brooke was able to assert her own claim for medical expenses. However, upon consideration of all the facts pled by Primax, we do not find that this distinction requires a different result. The Athertons point out that Brooke's settlement does not segregate a portion meant to compensate her for medical expenses that have been paid by the health plan. In support of this contention, they include a copy of the Missouri court's order approving the settlement. We note that the Missouri order was not made a part of the record in this appeal by either party, and as Primax contends, it was never considered by the trial court in this action. However, we may take judicial notice of a public record that is a part of the records of another court. See *Turner-El v. West*, 349 Ill. App. 3d 475, 481, 811 N.E.2d 728, 734 (2004).

Moreover, settlements, unlike verdicts, generally do not specify any portion as compensation for each type of damage alleged by the plaintiff. Primax does not allege that the settlement in Brooke's medical malpractice action included such a breakdown; rather, it contends that the settlement "must have" included compensation for her medical expenses. We do not agree. We find the instant case analogous to *Klem* in this regard. There, a six-

7

year-old boy was injured when he was struck by a car. He was covered under his father's health insurance plan, which paid $26,740 for his medical care after the accident. *Klem*, 279 Ill. App. 3d at 736, 665 N.E.2d at 516. His parents filed a two-count complaint against the driver of the car. The first count was brought by the parents as the parents and next friends of their son and sought compensation for the child's injuries. The second count was brought by the parents in their individual capacities and sought damages for their medical expenses. *Klem*, 279 Ill. App. 3d at 737, 665 N.E.2d at 516. The parents dismissed their own claim and then, one month later, settled the remaining claim on behalf of their son for $15,000. *Klem*, 279 Ill. App. 3d at 737, 665 N.E.2d at 516. The insurance company argued, much as Primax does here, that the settlement amounted to a double recovery for the parents because they received the benefit of payments from the insurance plan. *Klem*, 279 Ill. App. 3d at 739, 665 N.E.2d at 517. Implicit in this argument is a contention that the parents also received some recovery in the settlement as compensation for medical expenses. The appeals court rejected this argument, noting that because the settlement was received by the child's estate, as Brooke's settlement was in the instant case, the parents made no recovery. *Klem*, 279 Ill. App. 3d at 739, 665 N.E.2d at 517. In other words, it did not follow from the fact that the claim was asserted and then dismissed, apparently in conjunction with the settlement, that the settlement included compensation for the medical expenses.

We find the contention that some amount must have been recovered for medical expenses merely because the complaint included an allegation that they had been incurred fallacious. It ignores the reality of how settlements are reached. The complaint in the Missouri malpractice action alleges that Brooke is incapacitated by the injury she sustained. At the age of six, when the complaint was filed, she was unable to walk, speak, or even eat without being fed intravenously. The complaint alleged that she would never be able to engage in any sort of income-producing activity and would require special education and

8

therapy services in addition to ongoing medical expenses. A recovery that would adequately compensate her for all the damages alleged would almost certainly be beyond any amount she could realistically hope to recover in a settlement. A more realistic inference to be drawn from the facts as pled is that the amount of the settlement was determined by the limits of the insurance policies. Because this case comes to us from a ruling on a motion to dismiss, we cannot presume that to be the case; however, we think it illustrates the flaw in Primax's argument. Primax was required to allege something more specific than that Brooke's settlement must have included some compensation for medical expenses merely because she alleged in her complaint that she had incurred them.

Alternatively, Primax argues that it alleged facts sufficient to demonstrate that it was entitled to reimbursement from Phil and Tracy. The Missouri court ordered the settlement funds paid directly to Brooke's estate; therefore, Phil and Tracy did not receive any proceeds. In a footnote in its brief, however, Primax argues, "[I]f Tracy and Phil impermissibly relinquished their rights to recover Brooke's medical expenses without consideration as a condition of the settlement agreement, they would have committed a fraud upon Primax'[s] rights[,] which is equally actionable." In support of this contention, Primax cites *Smith v. Marzolf*, 59 Ill. App. 3d 635, 375 N.E.2d 995 (1978). We find *Smith* distinguishable.

There, a man was seriously injured when he was pinned between a truck he was servicing at his gas station and a car driven by the defendant. *Smith*, 59 Ill. App. 3d at 636, 375 N.E.2d at 996. He and his wife filed an action against the driver that included a claim by the wife for a loss of consortium. They attempted to settle with the defendant for $75,000. The agreement called for the injured husband to accept $10,000 in settlement of his claim and the wife to accept $65,000 for her loss-of-consortium claim. *Smith*, 59 Ill. App. 3d at 637, 375 N.E.2d at 996-97. The insurance company objected to the proposed settlement. The trial court agreed that it was a fraudulent attempt to avoid the insurer's subrogation

9

rights, set aside the settlement agreement, and vacated its order dismissing the plaintiffs' claims pursuant to the settlement. *Smith*, 59 Ill. App. 3d at 637, 375 N.E.2d at 997. The cause then went to a trial, and the jury returned a verdict of $130,000. *Smith*, 59 Ill. App. 3d at 637, 375 N.E.2d at 997.

On appeal, the reviewing court upheld the trial court's order setting aside the settlement, finding that the "agree[ment] to allocate 77 percent of the settlement proceeds" to the plaintiff's wife constituted a breach of the plaintiff's duties to his insurance company. *Smith*, 59 Ill. App. 3d at 639, 375 N.E.2d at 998. Here, by contrast, there is no evidence and no allegation that Phil and Tracy Atherton did anything more than what the parents did in *Klem*−they settled their daughter's entire case in a settlement that did not specifically segregate an amount of money attributable to each type of damages she alleged she suffered. Primax's remedy was to intervene in the Missouri malpractice action, which it chose not to do. See *Whitehead v. Lakeside Hospital Ass'n*, 844 S.W.2d 475, 478-79 (Mo. App. 1992) (citing Rule 52.12(a) of Missouri Supreme Court Rules of Civil Procedure and explaining that a party may intervene of right if it has a direct interest in the litigation, which is an interest that can be directly affected by the outcome of the litigation).

In conclusion, we find that Primax has not alleged facts sufficient to survive a motion to dismiss. We therefore affirm the order of the trial court dismissing its complaint.


Affirmed.


WELCH and HOPKINS, JJ., concur.


10

NO. 5-04-0561

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>PRIMAX RECOVERIES, INC.,</td><td>)</td><td>Appeal from the</td></tr>
<tr><td></td><td>)</td><td>Circuit Court of</td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td><td>Pulaski County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 02-CH-2</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>TRACY ATHERTON, BROOKE ATHERTON,</td><td>)</td><td></td></tr>
<tr><td>and PHIL ATHERTON,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>Mark H. Clarke,</td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed**:    May 4, 2006

**Justices**:    Honorable Melissa A. Chapman, J.,

Honorable Thomas M. Welch, J., and
Honorable Terrence J. Hopkins, J.,
Concur

**Attorneys for Appellant**    David A. Belofsky, Douglas M. Belofsky, Lance R. Minor, Belofsky & Belofsky, P.C., 33 North Dearborn Street, Suite 2330, Chicago, IL 60602

**Attorneys for Appellees**    Mark E. Goodman, Capes, Sokol, Goodman & Sarachan, P.C., 7701 Forsyth Blvd., Fourth Floor, St. Louis, MO 63105; Jerome E. McDonald, Campbell, Black, Carnine, Hedin, Ballard & McDonald, P.O. Drawer C, Mt. Vernon, IL 62864