# Illinois Official Reports

## Appellate Court

---

### *Lewis v. Lead Industries Ass'n*, 2018 IL App (1st) 172894

---

| | |
|---|---|
| Appellate Court Caption | MARY LEWIS, TASHSWAN BANKS, and KATHLEEN O'SULLIVAN, Plaintiffs, v. LEAD INDUSTRIES ASSOCIATION, INC.; ATLANTIC RICHFIELD COMPANY; CONAGRA GROCERY PRODUCTS, INC.; NL INDUSTRIES, INC.; and THE SHERWIN-WILLIAMS COMPANY, Defendants (Mary Lewis and Tashswan Banks, Plaintiffs-Appellants; Atlantic Richfield Company; ConAgra Grocery Products, Inc.; NL Industries, Inc.; and Sherwin-Williams Company, Defendants-Appellees). |
| District & No. | First District, Fifth Division<br>Docket No. 1-17-2894 |
| Filed | September 7, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 00-CH-9800; the Hon. Peter Flynn, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael H. Moirano and Clair Gorman Kenny, of Moirano Gorman Kenny, LLC, of Chicago, for appellants.<br><br>Andre M. Pauka, of Barlit Beck Herman Palenchar & Scott LLP, of Chicago, for appellees. |

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.


**OPINION**

¶ 1     Mary Lewis and Tashswan Banks appeal from an order of the circuit court granting summary judgment in favor of Atlantic Richfield Company; ConAgra Grocery Products, Inc.; NL Industries, Inc.; and The Sherwin-Williams Company (hereinafter collectively referred to as defendants). For the reasons that follow, we reverse and remand the matter back to the circuit court for further proceedings.

¶ 2     Lewis, Banks, and Kathleen O'Sullivan, on behalf of themselves and others similarly situated, maintained the instant class-action suit against the defendants, seeking to recover the costs of blood lead screening that their children underwent as required by the Lead Poisoning Prevention Act (Act) (410 ILCS 45/1 *et seq.* (West 2000)). As certified, the class consists of the parents or legal guardians of children who, between August 18, 1995, and February 19, 2008, were between six months and six years of age and, during that age bracket, lived in zip codes identified by the Illinois Department of Public Health as "high risk" areas pursuant to section 6.2(a) of the Act (410 ILCS 45/6.2(a) (West 2000)) and had a venous or capillary blood test for lead toxicity. Excluded from the class were parents and legal guardians who incurred no expense, obligation, or liability for the lead toxicity testing of their children.

¶ 3     On October 6, 2016, the defendants filed a motion for summary judgment against Lewis, Banks, and O'Sullivan, contending that none of the three incurred any expense, obligation, or liability for the lead toxicity testing of their children. Supported by the deposition testimony of Lewis and Banks, the defendants asserted that both were Medicaid recipients when their children were tested and neither paid for those tests. As to O'Sullivan, the defendants supported the motion with her deposition, establishing that her family was insured by Blue Cross Blue Shield and that she had no recollection of paying for blood testing of her children.

¶ 4     On April 20, 2017, the circuit court entered a memorandum order, granting the defendants' motion for summary judgment against Lewis, Banks, and O'Sullivan. The circuit court found that neither Lewis nor Banks is a member of the class previously certified, as neither incurred any expense, obligation, or liability for the lead toxicity testing of their children. As to O'Sullivan, the circuit court found that she failed to show that she was a member of the certified class by reason of her failure to present facts tending to show that she incurred an expense, obligation, or liability for the testing of her children. On October 19, 2017, the circuit court entered a written order finding that there is no just reason to delay enforcement of, or appeal from, the summary judgment entered against Lewis and Banks on April 20, 2017. It declined, however, to make similar findings as to the summary judgment entered against O'Sullivan.

¶ 5     On November 6, 2017, Lewis and Banks filed their notice of appeal from the summary judgment entered against them, invoking this court's jurisdiction pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). O'Sullivan is not a party to this appeal.

¶ 6    As this matter comes to us on appeal from an order granting summary judgment, our review is *de novo*. *In re Estate of Hoover*, 155 Ill. 2d 402, 411 (1993). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016).

¶ 7    The facts relevant to the disposition of this appeal are not in dispute. Both Lewis and Banks were Medicaid recipients when their children were tested for lead toxicity, the cost of the testing was paid by Medicaid, and neither paid any portion of the testing costs. In their reply brief, Lewis and Banks admit that, to be members of the plaintiff class, they "must establish that they *incurred* an expense, obligation, or liability" for the testing of their children. The issue presented is one of law: whether the parents of minor children who underwent lead toxicity testing that was paid for entirely by Medicaid incurred an "expense, obligation or liability" for the cost of the testing.

¶ 8    In urging reversal of the summary judgment entered against them, Lewis and Banks argue that, as parents, they were primarily responsible for the medical expenses of their minor children. See *In the Interest of Wheat*, 68 Ill. App. 3d 471, 475-76 (1979). They assert that their liability for the cost of the testing of their children was incurred at the time that the services were rendered, without regard to the fact that the cost of the testing was paid entirely by Medicaid on some future date. Invoking the "collateral source rule," Lewis and Banks argue that their right to recovery for the reasonable value of their children's lead toxicity testing is not diminished by the fact Medicaid paid the entire cost.

¶ 9    In support of the summary judgment entered in their favor, the defendants argue that, because the entire cost of the lead toxicity testing of their minor children was paid by Medicaid, Lewis and Banks did not incur any expense, obligation, or liability for the testing. The defendants predicate their argument in this regard on the fact that a service provider eligible to receive payments under Medicaid may not charge any individual for services that the individual is entitled to have payment made through Medicaid (see 42 U.S.C. § 1395cc(a)(1)(A)(i) (2012); 89 Ill. Adm. Code 140.12(i)(1) (2014)), and the State may not seek reimbursement from a Medicaid recipient for any payments made to health care providers for services rendered on their behalf (see 42 U.S.C. § 1396p(b)(1) (2012)). They contend that the statutes governing Medicaid: "(i) completely insulate plaintiffs [Lewis and Banks] from any obligation to pay the providers, and (ii) impose no obligation on plaintiffs [Lewis and Banks] to reimburse the State." Although we agree that neither Lewis nor Banks is obligated to reimburse the State for all, or any portion, of the payment made for the testing of their children, we disagree that their eligibility for Medicaid payments insulated them from any obligation to pay for the testing services.

¶ 10    "[T]he Family Expense Act [(750 ILCS 65/15 (West 2000))] codifies the common-law rule making parents liable for the expenses of their minor children." *Manago v. County of Cook*, 2017 IL 121078, ¶ 12 (citing *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 51). That statute obligates parents to pay for the "expenses of the family," which includes medical expenses of their minor children. 750 ILCS 65/15(a)(1) (West 2000); *Graul v. Adrian*, 32 Ill. 2d 345, 347 (1965); *Pirrello v. Maryville Academy, Inc.*, 2014 IL App (1st) 133964, ¶ 11. The obligation to pay the medical expenses for a minor child is that of the parent, and, therefore, the cause of action to recover for medical expenses lies in the parent. *Estate of Hammond v. Aetna Casualty*, 141 Ill. App. 3d 963, 965 (1986). The parent's right of action is

- 3 -

not affected by the fact that a third party paid those expenses. *Id.* And the fact that the source of the payment was Medicaid, as opposed to a private insurance company, is a "distinction without a difference." See *Wills v. Foster*, 229 Ill. 2d 393, 418 (2008).

¶ 11 The collateral source rule provides that benefits received by an injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish the damages that are recoverable from the tortfeasor. See *id.* at 399. The defendants do not deny that the payments by Medicaid for the lead toxicity testing of Lewis's and Banks's minor children was independent of, and collateral to, them. The defendants contend, however, that the collateral source rule does not apply in a case involving a purely economic injury. We disagree.

¶ 12 One of the justifications for the collateral source rule is that a tortfeasor should not benefit from, or take advantage of, the contracts or other relations that may exist between an injured party and third persons. *Wilson v. The Hoffman Group, Inc.*, 131 Ill. 2d 308, 320 (1989). That justification is no less compelling in a case involving a purely economic injury than in a case involving personal injury. In either case, a " 'benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor.' " *Arthur v. Catour*, 216 Ill. 2d 72, 78-79 (2005) (quoting Restatement (Second) of Torts § 920A(2), Comment b, at 514 (1979)). And it matters little that the benefit bestowed upon the injured party is the result of a relationship with the government such as her entitlement to Medicaid benefits. See *Willis*, 229 Ill. 2d at 413.

¶ 13 Lewis and Banks seek recovery for the cost of the lead toxicity testing of their minor children that they allege was the proximate result of the defendants' civil conspiracy. As parents, they were statutorily liable for the cost of that testing. We conclude, therefore, that they have a cause of action for the reasonable value of the testing services, without regard to the fact that Medicaid paid the entire cost.

¶ 14 Based on the foregoing analysis, we reverse the summary judgment entered against Lewis and Banks on April 20, 2017, and remand this cause to the circuit court for further proceedings.

¶ 15 Reversed and remanded.