Silver Cross Hospital, Appellee, v. John M. Boyden, Appellant.

Gen. No. 10,686.

Opinion filed October 14, 1953. Released for publication November 2, 1953.

I. Stanley Pinkett, of Chicago Heights, for appellant.

Thomas W. Vinson, of Joliet, for appellee.

Mr. Presiding Justice Dove delivered the opinion of the court.

From April 28, 1949, until October 12, 1949, with the exception of twelve days from June 24 until July 6, John M. Boyden was an inmate of the Will county jail in Joliet. About one week prior to June 24, 1949, Mr. Boyden became ill, and the county physician, or assistant county physician, was called and examined the prisoner. At Mr. Boyden's request, the sheriff called Dr. Wilson, Boyden's family physician, who came to

the jail and consulted with the prisoner. Boyden was suffering from an inguinal hernia and asked the sheriff if he could be operated on. The assistant county physician advised an operation, and Dr. Wilson made the necessary arrangements at the Silver Cross Hospital in Joliet. On June 24, 1949, he was removed from the jail to the hospital and assigned to room 334. At the hospital he signed a consent to be operated upon, and Doctors Wilson and Calosio performed the operation, and he remained at the hospital until July 6, 1949, when he was returned to the jail.

The room occupied by Boyden at the hospital and the hospital service furnished him during this period not having been paid, this suit was instituted by the hospital against Boyden before a justice of the peace to recover therefor. A counterclaim was filed in the justice court by the defendant in which he alleged that he had been carried to the hospital by the sheriff for a necessary operation and medical services and that the plaintiff hospital had forced him to leave the hospital before he was sufficiently recovered, which caused the defendant much pain and thereby he suffered damages in the sum of $500. Upon a trial before the justice, the counterclaim was dismissed, and judgment was rendered against the plaintiff for costs.

Upon appeal to the circuit court by the plaintiff, a hearing was had before the court, without a jury, resulting in a judgment dismissing the counterclaim and a judgment in favor of the plaintiff and against the defendant for $102 and costs. To reverse this judgment, the defendant appeals.

Counsel for appellant insist that he is not personally liable for the payment of any sum to the plaintiff and argues that at the time he was removed to the hospital he was not a free agent but in jail and in custody of the sheriff, and under the circumstances, it was the duty and obligation of the sheriff and Will county to

furnish him the room, and counsel state that a prisoner is not liable for hospital service incurred while under sentence, and while in custody of the sheriff, and insist that the defendant should not be required to pay the plaintiff for his room and board at the hospital any more than he should be required to pay the sheriff for his room and board while confined in the county jail. In support of this contention, counsel call our attention to the statute (Ill. Rev. Stat. 1951, chap. 75, par. 19 [Jones Ill. Stats. Ann. 69.20]) and cite *The County of La Salle v. Milligan,* 143 Ill. 321.

Section 2, chap. 75, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 69.02], provides that the sheriff of each county in this State shall be warden of the county jail and have custody of all prisoners in the jail. Section 19 of the same chapter provides: "The Warden of the jail shall furnish necessary bedding, clothing, fuel and medical aid for all prisoners under his charge, and keep an accurate account of the same." Section 24 [Ill. Rev. Stats. 1951, ch. 75; Jones Ill. Stats. Ann. 69.25] of this same Act provides: "The cost and expense of keeping, maintaining and furnishing the jail of each county, and of keeping and maintaining the prisoners thereof, except as otherwise provided by law, shall be paid from the county treasury, the account therefor being first settled and allowed by the county board."

In *The County of La Salle v. Milligan,* 143 Ill. 321, a former sheriff of La Salle county sued the county to recover a balance claimed to be due him for fees and expenses of his office. The county then sued the ex-sheriff seeking to recover from him a large amount of money claimed by it to have been illegally paid out of the county treasury to him on account of fees and salary. The cases were consolidated for a hearing and resulted in a finding and judgment in favor of the ex-sheriff and against the county for $1,891.89. One of

the items involved was for $170.25 paid by the sheriff to persons whom he had employed to attend sick prisoners. In commenting upon this item, the court said (p. 334): "The sheriff, as keeper of the jail, was, by section 19 of the act above quoted, required to furnish medical aid to all prisoners in his charge, and by section 24 the county is required to pay for the same. What would be a proper keeping of a person in health would not be a proper keeping of the sick. If the proper keeping of a prisoner requires that he have medicine, it must be furnished; if his condition requires the attendance of a physician, one must be called; if he requires nursing or watching, his proper keeping demands that it shall be provided. The officer having the prisoner in charge, who, willfully or through gross negligence, should fail, in a proper case, to provide either, would be guilty of gross violation of his duty."

 There is nothing said in the *Milligan* case which supports appellant's contention in the instant case. What the *Milligan* case held was that it is the duty of the county to suitably maintain those confined within its jail and to furnish them with medical aid if required and that the expense in so doing was a county charge. Undoubtedly, if the physical condition of a prisoner is such that he should enter a hospital for surgery and his proper keeping demands that he should be removed to a hospital and surgery performed, the statute authorizes the sheriff to see that these steps are taken and the county might be required to pay therefor. The defendant in the instant proceeding is not the county of Will but the individual who benefited by the services rendered and the statute in no way limits the liability of a prisoner for hospital care. There is no pretense that the charge of the plaintiff for room service for twelve days at $8.50 per day, aggregating $102, the amount of the

judgment in this case, was not the usual and customary charge, or that it was not absolutely necessary to have appellant at the hospital of the plaintiff during the twelve days he was there. The evidence disclosed that appellant during this period occupied room No. 334 at the hospital; that the room was a two-bed ward, and that the fair, reasonable, and customary charge therefor at the time appellant occupied it was $8.50 per day.

The reason advanced by appellant why he should not be held responsible for this charge is that at the time he was at the hospital he was not a free agent; that he could not designate the hospital to which he was to be sent; that he did not contract for the services he received from the hospital and that he is no more liable to the hospital for his room and board while confined there than he would be to the sheriff while confined in the county jail.

■ We do not think there is any merit in this argument. The evidence is that appellant, at his own request, consulted his own personal physician; that he was advised an operation was necessary; that he consented thereto, and his physician made the necessary arrangements for him to enter the hospital. Just because at this particular time he was an inmate of the county jail should not relieve him from this obligation.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*