ESTATE OF MICHELLE AIMONE, Plaintiff-Appellee, v. STATE OF ILLINOIS HEALTH BENEFIT PLAN/EQUICOR, Respondents-Appellants.

Third District   No. 3—92—0996

Opinion filed August 11, 1993.—Rehearing denied September 14, 1993.

O'Halloran, Kasoff, Helander, Geitner & Cook (George J. Casson, of counsel), and Christopher J. Michas, of John O. Demaret & Associates, both of Northbrook, for appellants.

Gomien, Root & Rigazio, of Morris (Roger B. Gomien, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The respondents, State of Illinois Health Benefit Plan/Equicor and Health Cost Controls (collectively, the Plan) filed a lien against the settlement proceeds received by the estate of the plaintiff, Michelle Aimone, in a personal injury action. When the plaintiff moved to adjudicate the lien, the trial court held that the lien was invalid. We affirm based on the previously established rule of the Illinois Appellate Court that subrogation liens against recoveries received by the estates of minors are invalid.

The facts of the case are undisputed. Michelle Aimone, a minor, was injured in a motor vehicle accident when the car in which she was

riding was struck by another car. She was seriously injured and the cost of her medical treatment exceeded $100,000. A lawsuit was filed on her behalf against the drivers of both cars involved in the collision.

Michelle was covered by the Plan through her mother's employment with the Illinois Department of Conservation. The Plan contained the following language:

> "If a covered person is injured, and benefits are paid by this Plan, the covered person will:
>
> a. Immediately reimburse the Plan for any damages collected, whether by action at law, settlement or otherwise, to the extent that the Plan has provided benefits to or on behalf of any such covered person;
> and
>
> b. The Plan shall have a lien, to the extent of benefits provided. ***
>
> c. *** The Plan reserves the right to withhold or delay payment of any benefits otherwise payable until all executed documents required by this provision have been received from the employee."

Pursuant to this provision, the Plan asserted an $85,116.67 lien for benefits paid on behalf of Michelle.

Michelle's claims against the drivers of the vehicles involved in the accident were settled for $300,000 and $20,000, which were the limits of the respective policies. Subsequently, her estate filed a motion to adjudicate the Plan's lien. The trial court held the lien to be invalid.

At a hearing on the Plan's motion to reconsider, the Plan offered the testimony of the insurance adjuster who settled the $300,000 claim. The adjuster testified on direct examination that she considered the medical bills provided to her by the estate's attorney in evaluating the claim. However, on redirect examination, she testified that she had not considered any claims that might have been brought by Michelle's parents. She considered only the claims Michelle had asserted. The Plan's petition for rehearing was denied.

The sole issue presented on appeal is whether an insurer may enforce a subrogation lien against the recovery received by a minor's estate.

In *Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211, the court held that since what is commonly known as the family expense statute (Ill. Rev. Stat. 1991, ch. 40, par. 1015(a)(1)) provides that the minor's parents are liable for the payment of the minor's medical expenses, it was the par-

ents who received a benefit from the payment of those expenses by an insurer. Because the insurer had provided no benefit to the minor's estate, it could not recover its payments from the estate by way of subrogation. This reasoning was followed in *In re Estate of Hammond* (1986), 141 Ill. App. 3d 963, 491 N.E.2d 84, and reaffirmed in *Kelleher v. Hood* (1992), 238 Ill. App. 3d 842, 605 N.E.2d 1018.

The Plan argues that *Woodring* and *Hammond* are distinguishable because neither of those cases involved the precise language of the insurance contract covering Michelle Aimone. Further, it argues that *In re Estate of Scott* (1991), 208 Ill. App. 3d 846, 567 N.E.2d 605, and *In re Estate of Enloe* (1982), 109 Ill. App. 3d 1089, 441 N.E.2d 868, demand a different result. We disagree.

The language of the insurance contract in question provides that a "covered person" will "immediately reimburse the Plan *** to the extent that the Plan has *provided benefits to or on behalf of*" the covered person. (Emphasis added.) However, the payments made by the Plan were not made to Michelle and they were not made on behalf of Michelle inasmuch as Michelle was not liable for the expenses in the first place (see Ill. Rev. Stat. 1991, ch. 40, par 1015(a)(1); *Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444). The benefits were paid *to* the medical providers *on behalf of* Michelle's parents. Therefore, this case falls squarely within the precedent set by *Woodring* and *Hammond*.

In contrast, *Scott* and *Enloe*, the cases urged on us by the Plan, are distinguishable. In *Scott* the covered person was not a minor at the time of his injury. Although he was still covered under his parents' insurance plan, his parents were no longer responsible for the payment of his medical expenses. Because he would have been liable for the payment of any bills not covered by insurance, he did gain a benefit from the insurer's payments and, therefore, subrogation was appropriate. In *Enloe*, the court addressed the issue of whether the family expense statute (Ill. Rev. Stat. 1991, ch. 40, par. 1015(a)(1)) was in conflict with the Hospital Lien Act (Ill. Rev. Stat. 1991, ch. 82, par. 97). The court did not address the enforceability of a subrogation claim on a minor's estate.

We find the reasoning of *Woodring* and *Hammond* to be sound. Therefore, we adopt the ruling of those cases and hold that inasmuch as it is the parents of the minor who receive a benefit from the payment of medical expenses by an insurer, the insurer may not recover those expenses from the minor's estate.

Next the Plan argues that even if we follow *Woodring* and *Hammond*, it is entitled to recover. It contends that because the

claims of Michelle's parents were released along with the claims of Michelle's estate, there must have been some recovery of medical expenses. It concludes that any recovery of medical expenses was rightly paid to Michelle's parents and therefore subject to the Plan's lien.

In support of this argument, the Plan relies on *Smith v. Marzolf* (1978), 59 Ill. App. 3d 635, 375 N.E.2d 995. In *Smith* the plaintiff suffered severe and permanent injuries. His insurer paid a substantial sum for medical expenses, and those expenses were expected to continue throughout his lifetime. The defendant agreed to a settlement of the plaintiff's claim by paying to the plaintiff just enough to cover the lien asserted by his insurer and paying the bulk of the settlement proceeds to the plaintiff's wife in settlement of her loss of consortium claim. The trial court ruled that this division of settlement proceeds amounted to a fraud upon the insurer and set aside the settlement. This court affirmed.

The Plan correctly cites *Smith* for the proposition that settlements may not be fashioned in such a manner that they defeat subrogation rights. However, the facts of this case are significantly different from the facts of *Smith*. In *Smith*, the trial court found that the settlement proceeds were divided as they were for the sole purpose of defeating the rights of the plaintiff's insured. In the case at bar, the trial court pronounced that it believed that the insurance adjuster had considered Michelle's medical bills only as an indication of the veracity and severity of her injuries and had not based her settlement offer on reimbursement for medical expenses. The trial court found no basis upon which to conclude that the settlement was intended solely to defeat the Plan's rights. Because the trial court had an opportunity to observe the witness and determine her credibility, we will not disturb its decision on appeal. See *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 469 N.E.2d 183.

This is not to say that the Plan had no remedy in this case. Its cause of action, both under the common law and according to the language of the contract, was against Michelle's parents. In fact, the contract allows the Plan to withhold payments until the employee has signed all documents to facilitate the enforcement of the Plan's rights. Clearly, this provision contemplates an assignment of rights by the parents to the Plan. Thus, the Plan could have intervened on its own behalf and negotiated a settlement directly with the drivers' insurers. It chose not to do so, however, and now cannot assert a right against Michelle's recovery.

For the foregoing reasons, we hold that the Plan's lien was invalid as against any recovery made by the minor plaintiff's estate and, thus, the judgment of the circuit court of Grundy County is affirmed.

Affirmed.

LYTTON and SLATER, JJ., concur.