ROSEMARY SOSIN, Indiv. and as Mother and Next Friend of Brian Sosin, a Minor, Plaintiff-Appellant, v. MARGARET HAYES *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—92—4191

Opinion filed February 10, 1994.—Rehearing denied April 4, 1994.

Gordon & Gordon, of Chicago (Robert E. Gordon and Lisa Thaviu, of counsel), for appellant.

Douglas M. Brown, of Chicago, for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Rosemary Sosin appeals from the denial of her motion to reconsider a ruling which granted an insurer's lien against funds to be received by the estate of Brian Sosin, her son, as a result of Brian's settlement of a personal injury claim. Plaintiff contends that the circuit court of Cook County erred in applying the law.

Defendant Benefit Trust Life Insurance Company (Benefit Trust) issued a group health insurance policy to the plaintiff's husband (Howard Sosin) through the latter's employer. The contract covered Howard Sosin and his dependents. The contract expressly granted Benefit Trust a lien over money collected by any of Howard Sosin's

dependents who recovered personal injury damages from third persons to the extent of Benefit Trust's benefit payments. Specifically, the group health insurance plan administered and provided by Benefit Trust had a provision which stated:

"No benefits shall be paid for expense incurred as a result of Sickness or Injury which occurs due to the negligence of a third party unless, before or at the time benefits are paid, the insured and any Dependent who is the Sick or Injured person shall agree in writing:

1. to pay to Benefit Trust, from any damages collected, whether by action at law, settlement or otherwise, all benefits it pays for the same hospital or medical expenses as a result of such Sickness or Injury; and

2. to provide Benefit Trust Life with a lien to the extent of benefits it pays. The lien may be filed with the third party, his agent or a court having jurisdiction in the matter."

Howard Sosin, on behalf of himself and his minor son, Brian, entered a written agreement in accord with the provision set forth above following Brian's injury. It is not disputed that Benefit Trust made all payments which it was obligated to make under the contract. Citing the written agreement and the reimbursement provision, Benefit Trust claims a lien on any portion of the settlement reflecting reimbursement for medical expenses. The circuit court ruled that this lien applies to personal injury damages recovered by plaintiff's minor son to the extent they reflect reimbursement for his medical expenses. Plaintiff contends that the ruling was improper and that the lien is invalid.

On May 12, 1991, Brian Sosin was seriously injured in an automobile accident in Chicago, Illinois. Brian required and continues to require medical treatment. Rosemary Sosin, Brian's mother, filed a complaint in the circuit court of Cook County on September 23, 1991, alleging that Margaret Hayes was negligent in the operation of her automobile and proximately caused injury to Brian. The complaint requested damages in excess of $15,000.

Thereafter, Hayes' insurer offered to settle the case in the amount of $100,000, consisting of Hayes' $30,000 policy limit, in addition to $70,000 of the underinsurance coverage from the auto insurance policy issued to plaintiff. At proceedings on October 28, 1992, plaintiff, through her attorneys, noted that acceptance of the settlement offer depended on whether the lien of Benefit Trust was deemed valid.

On June 2, 1992, plaintiff filed a notice of motion with a hearing set for June 9, 1992, to move for leave to file an amended complaint, and to move the court to adjudicate the lien of Benefit Trust. This

motion sought to deny the lien. At the hearing before the court on June 9, 1992, Benefit Trust presented a petition to intervene, requesting the right to partake in discovery, protect its lien, as well as receive notice of all proceedings in the case.

At the hearing, the court entered an order allowing plaintiff leave, *instanter*, to file her amended complaint and granting leave, *instanter*, to Benefit Trust to file its petition to intervene. The order noted that plaintiff withdraw her motion to adjudicate the lien of Benefit Trust, and that Benefit Trust had until July 7, 1992, to answer or otherwise plead to plaintiff's amended complaint.

On July 6, 1992, Benefit Trust filed a motion to dismiss in lieu of answer relying upon sections 2—606 and 2—619(a)(1) of the Illinois Code of Civil Procedure. (735 ILCS 5/2—606, 2—619 (West 1992).) The motion sought to dismiss count II of the amended complaint, which asked for an adjudication of its lien to zero, and requested equitable relief in that Benefit Trust prospectively be required to pay benefits for the minor's medical expenses in the future.

On September 22, 1992, after argument, the trial court ruled that the minor was a third-party beneficiary to the insurance contract and any payments made under said contract, that the lien was valid, and that plaintiff's motion to adjudicate the lien of Benefit Trust was denied.

On October 9, 1992, plaintiff was granted leave to file a second amended complaint which had three counts. Count I requested damages by Brian from defendant Hayes alleging that, due to her negligence, the minor sustained physical injuries, property damage and was obligated to spend money for medical care and attention and asked for damages in excess of $15,000. Count II alleged that plaintiff, Rosemary Sosin, individually, was liable for medical expenses of her son and requested damages in excess of $15,000. Count III named Benefit Trust as a defendant and requested that its lien be adjudicated to zero.

The court conducted another hearing on November 2, 1992, on plaintiff's motion to reconsider the September 22, 1992, ruling refusing to adjudicate the lien of Benefit Trust after finding that the minor was a third-party beneficiary of the plan contract. On November 5, 1992, the court entered an order denying the motion to reconsider, dismissing Benefit Trust as a defendant, and finding no just reason to delay enforcement or appeal of the instant order under Supreme Court Rule 304(a). (134 Ill. 2d R. 304(a).) This timely appeal followed.

The issue presented by this case is whether the trial court properly ruled that Benefit Trust has a contractual lien against a payment by the tortfeasor Margaret Hayes in settlement of a claim

by Brian Sosin's estate to the extent of the payments Benefit Trust made for Brian's medical expenses. The trial court's careful analysis was correct and we affirm.

When the parties named Brian as a covered dependent under his father's health plan, when Brian's mother assigned her rights to reimbursement for medical expenses to Brian, and when Brian's father executed the unambiguous reimbursement agreement for medical expenses with Benefit Trust on behalf of himself and on behalf of his minor son, they manifested their intent to confer third-party beneficiary status upon Brian so that he was a direct contract beneficiary. (In re Estate of Scott (1991), 208 Ill. App. 3d 846, 848, 567 N.E.2d 605, citing *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 54-55, 421 N.E.2d 182.) Under the plain language of the contract both Brian's father, and Brian himself through his father, were required to agree to the terms of the reimbursement provision as a condition precedent to Benefit Trust's obligation to make any payments.

■ In Illinois a third party who is the direct beneficiary of a contract has standing to enforce the obligations for his benefit incurred under that contract. No magic words are necessary. Rather, the trial court need only determine whether under the facts and circumstances the benefit of the agreement was direct to the third person. (*Miller v. Miller* (1987), 163 Ill. App. 3d 602, 516 N.E.2d 837.) Here the trial court found that under these facts and circumstances the benefit of the agreement—payment of Brian's medical expenses—was direct to Brian, the third person.

■ It is clear from the trial court's comments that when it found that the parties intended to confer third-party beneficiary status upon Brian and that he was a direct contract beneficiary, it took into account not only the terms of the insurance contract but also the surrounding conduct of the parties. Whether the terms of a written contract are modified by acts or conduct is a matter for the trier of fact, and its determination will not be disturbed unless contrary to the manifest weight of the evidence. *(Stonecipher v. Pillatsch* (1975), 30 Ill. App. 3d 140, 332 N.E.2d 151.) In our opinion the trial court's finding of fact is not contrary to the manifest weight of the evidence.

Plaintiff's position is that Benefit Trust does not have a valid lien. She relies on *Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211, for the proposition that where an insurer pays the medical expenses of a minor, those payments benefit the parents and not the minor, and therefore the insurer has no subrogation rights against a payment by a tortfeasor in settlement of a claim by the minor's estate. Plaintiff also relies

on *Estate of Aimone v. State of Illinois Health Benefit Plan/Equicor* (1993), 248 Ill. App. 3d 882, 619 N.E.2d 185, *Kelleher v. Hood* (1992), 238 Ill. App. 3d 842, 605 N.E.2d 1018, and *In re Estate of Hammond* (1986), 141 Ill. App. 3d 963, 491 N.E.2d 84, other cases where an insurer's lien against a minor's estate was denied.

In every one of the cases on which plaintiff relies the trial court found the minor was not a third-party beneficiary. Rather, in those cases the reviewing court upheld a finding by the trial court that it was only the parents who benefitted from the payment of a minor's medical expenses by an insurer as they were the persons under Illinois law who were primarily responsible to pay them. Further, in each of those cases the reviewing court upheld the trial court's finding that the minor was not a third-party beneficiary of the insurance contract. In the case at bar the trial court made a contrary factual finding, and this court, like the reviewing courts in the cases cited by plaintiff, will not reverse that finding unless it is manifestly erroneous. The case at bar involves payments made by Benefit Trust for medical expenses that are so large and continuous that, when taken together with those payments Brian has a legal right to expect under the contract in the future, when he is no longer a minor, they constitute a financial benefit to the minor himself. In the present case the record reveals that Brian has up to $1 million worth of benefits in the policy and can be expected to use it all. Brian has brain damage. He has lost the sight of one eye and can hardly see in the other. He has seizures and will need medical attention for the rest of his life. In accord with the equities of this case, the trial court recognized that Brian was a third-party beneficiary as to payments made under the plan and that, therefore, Benefit Trust has a valid lien. *Kelleher* is further distinguishable because there, under the plain language of the reimbursement clause, only the subscriber and not his covered dependents agreed to reimbursement. *Woodring* is even less pertinent than *Kelleher*. In *Woodring* the insurance contract had no reimbursement clause at all.

The case at bar is analogous to *In re Estate of Scott* (1991), 208 Ill. App. 3d 846, 577 N.E.2d 605. There the trial court also explicitly found that the dependent of an insured was a third-party beneficiary. That finding was upheld on appeal. The court stated that where the insurer's contract with the dependent through his father included an unambiguous applicable subrogation clause, and where the insurer apparently made all payments which it was obligated to make under the contract, there was no reason to deny subrogation.

Plaintiff fails to cite us to any case where the trial court found third-party beneficiary status and the reviewing court reversed that factual finding, as she would have this court do in the case at bar.

The trial court's ruling properly protects the minor's eligibility to receive benefits under the plan by enforcing compliance with all conditions precedent to the plan. Even if the minor has the power to disaffirm his duties under the plan, the trial court determined that his best interests lay in not disaffirming given his future need for significant medical services. The trial court's ruling is further supported by the fact that in this case the plaintiff's complaint states that she "assign[ed], transfer[red] and relinquish[ed]" the right of recovery for hospital and physical services to the minor. In its ruling that defendant's lien was valid, the trial court emphasized the fact that plaintiff assigned the right to collect medical expenses to Brian. The trial court stated "I think when [Rosemary] assigned the benefits to Brian, she made a mistake." No such assignment existed in the cases cited to us by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Cook County is not against the manifest weight of the evidence and is, therefore, affirmed.

Affirmed.

MURRAY, P.J., and COUSINS, J., concur.