AMERICAN FAMILY INSURANCE GROUP, Subrogee of Lakenya R. Champion, Plaintiff-Appellant and Cross-Appellee, v. FELICIA CLEVELAND, Defendant-Appellee and Cross-Appellant (Timothy J. Londrigan, Defendant).

Fourth District   No. 4—04—0716

Argued February 16, 2005.—Opinion filed March 28, 2005.—Rehearing denied May 18, 2005.

Chester C. Fuller (argued), of Peoria, for appellant.

Timothy J. Londrigan (argued), of Londrigan, Potter & Randle, of Springfield, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

In April 2002, a car driven by Racine Freeman struck a car owned by Lakenya R. Champion and insured by plaintiff, American Family Insurance Group (American Family). Defendant, Felicia Cleveland, a passenger in Champion's car, was injured in the collision. American Family paid Cleveland's medical expenses pursuant to the terms of its policy with Champion. Cleveland later settled with Freeman.

American Family filed an amended complaint against Cleveland in July 2003, seeking reimbursement for the medical bills it paid on

Cleveland's behalf. In February 2004, the trial court dismissed counts II and III, which allege contractual subrogation and Cleveland's third-party beneficiary status, respectively. The court held a bench trial, entering judgment for Cleveland on American Family's count I, equitable subrogation, in July 2004. The court ruled that each side must bear its own attorney fees.

American Family appeals the judgment in favor of Cleveland on count I, arguing that it has clearly established that it is entitled to subrogation. In appealing the dismissal of counts II and III, American Family contends that Cleveland is subject to the reimbursement provision of the insurance contract between American Family and Champion because Cleveland is a third-party beneficiary of the contract who accepted its benefits. By cross-appeal, Cleveland seeks attorney fees. With respect to American Family's appeal, we reverse and remand with directions; with respect to Cleveland's cross-appeal, we affirm.

## I. BACKGROUND

It is undisputed that Freeman negligently caused the collision. Champion had an automobile insurance policy with American Standard Insurance Company of Wisconsin, a member of the American Family Insurance Group.

The American Family policy provided, under "Part II—Medical Expense Coverage," that it would pay reasonable medical expenses "because of an accident-related bodily injury to an insured person." Under Part II, "insured person" was defined to mean "[a]ny other person while occupying your insured car" if the car is being used by the named insured or someone with permission of the named insured. Under "Part VI—General Provisions," the policy provided:

"5. Our Recovery Rights. If we pay under this policy, we are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to harm our rights.

When we pay damages under this policy to a person who also collects from another, the amount collected from the other shall be repaid to us to the extent of our payment."

Pursuant to the policy, American Family paid $10,850.24 to various medical providers for services rendered to Cleveland as a result of the collision.

American Family's claim examiner, Peggy Hampson, sent two letters to Cleveland in June 2002. Those letters give an accounting of some of the medical bills that American Family had paid to date and contain the following paragraph:

"Your policy provides that American Family is entitled to reimbursement from the responsible party for any such payments made and that the injured party will assign his/her claim for such expense to the [c]ompany. The [c]ompany will pursue reimbursement on its own against the responsible party."

The affidavit of Cleveland's attorney, Timothy J. Londrigan, states that Londrigan entered into negotiations with Freeman's insurer, Mutual of Omaha Insurance Company (Mutual of Omaha), on September 18, 2002, regarding the April 2002 collision. According to Londrigan's affidavit, he and Cleveland first learned that American Family was asserting a right to be reimbursed out of any settlement proceeds on October 18, 2002, when Mutual of Omaha notified him that American Family claimed a lien against any settlement between Cleveland and Mutual of Omaha. Londrigan sent a "hold harmless" letter to Mutual of Omaha stating that pursuant to the insurance contract, American Family is entitled to a claim of subrogation and that Cleveland "intends to satisfy her contractual obligations" in that regard.

Londrigan stated that at that time, he believed that Cleveland, not Champion, held the policy with American Family under which American Family paid Cleveland's medical expenses. Cleveland later informed Londrigan that she did not have an insurance contract with American Family. Londrigan's affidavit states that he notified American Family in November 2002 that Cleveland did not feel obligated to honor the lien American Family claimed on the settlement proceeds. Cleveland settled with Freeman through Mutual of Omaha. Londrigan holds the settlement money in escrow.

In July 2003, American Family filed an amended complaint, seeking reimbursement out of Cleveland's settlement with Freeman for the medical bills American Family paid for treatment of Cleveland's injuries. Count I, titled "Equitable Subrogation," alleges that American Family relied on Londrigan's representation that its subrogation rights would be protected and that pursuant to the terms of its policy with Champion and under common law, American Family is entitled to recover money it paid to satisfy Cleveland's medical bills. Count II, titled "Contractual Subrogation," rests on Part VI of the policy. Count III, titled "Third[-]Party Beneficiary," claims that Cleveland is bound by the terms of the insurance contract because she is a third-party beneficiary who accepted the benefits of the policy.

In January 2004, the trial court heard arguments, and on February 11, 2004, the court dismissed counts II and III of American Family's amended complaint. It ruled that count II is insufficient in law. The court also found that count III failed to state a cause of ac-

tion because it "states only a conclusion of a third-party beneficiary status." The court allowed Cleveland to maintain the individual claims presented in her countercomplaint but denied her motion to certify a class action. Count I proceeded to bench trial in June 2004.

On July 6, 2004, Judge Stuart H. Shiffman entered judgment in favor of Cleveland on American Family's equitable subrogation claim but denied Cleveland's request for attorney fees. American Family appeals the judgment in favor of Cleveland on count I and the dismissal of counts II and III of its complaint. Cleveland cross-appeals the denial of her request for payment of her attorney fees.

## II. ANALYSIS

Cleveland argues that although subrogation clauses in medical payments provisions may be enforced against insureds who are parties to the insurance contract, they may not be enforced against her because she never signed the insurance contract or agreed to be bound by its terms. See *Spirek v. State Farm Mutual Automobile Insurance Co.*, 65 Ill. App. 3d 440, 442, 382 N.E.2d 111, 113 (1978) (insureds were required, as a condition to receiving their medical payments, to execute subrogation receipts). During oral argument, Cleveland argued that even if American Family had insisted that she agree to subrogation before it made medical payments on her behalf, she could have refused to allow subrogation and still would have been entitled to the medical payments.

■ Under the doctrine of subrogation, a person who has paid a debt for which another is primarily liable succeeds to the rights of the person whose debt has been paid in relation to the debt or claim. The doctrine includes every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and which in equity and good conscience should have been paid by the latter. The right of subrogation may be grounded in equity and may also be founded upon an express or implied agreement. *North American Insurance Co. v. Kemper National Insurance Co.*, 325 Ill. App. 3d 477, 481, 758 N.E.2d 856, 859 (2001).

■ A medical payments provision in an automobile liability policy is a special provision. The purpose of a medical payments provision is to provide prompt and adequate medical care when injury is incurred. The provision provides coverage for the benefit of the injured party without regard to the liability of the named insured. The obligation of the insurer runs separately and directly to the injured person rather than to the person insured against liability. *Garcia v. Lovellette,* 265 Ill. App. 3d 724, 728-29, 639 N.E.2d 935, 938-39 (1994) (injured passenger occupies a position similar to the named insured); see also *Gib-*

*son v. Country Mutual Insurance Co.*, 193 Ill. App. 3d 87, 92, 549 N.E.2d 23, 26 (1990). A medical payments provision is similar to a health insurance policy covering the injured person.

■ Illinois courts have traditionally held that life, accident, medical, and health insurers have neither an equitable nor an implied right of subrogation. See *Schultz v. Gotlund*, 138 Ill. 2d 171, 173, 561 N.E.2d 652, 653-54 (1990). However, where a health insurance policy contains an unambiguous subrogation clause, it will be enforced. *Sosin v. Hayes*, 258 Ill. App. 3d 949, 953, 630 N.E.2d 969, 972 (1994). Medical subrogation clauses in insurance contracts are generally enforceable; it is not common-law concepts of subrogation but the contract terms that control. *In re Estate of Scott*, 208 Ill. App. 3d 846, 848, 567 N.E.2d 605, 606 (1991). A subrogation clause in a medical payments provision in an automobile liability policy is enforceable. *Nesby v. Country Mutual Insurance Co.*, 346 Ill. App. 3d 564, 805 N.E.2d 241 (2004); *Eddy v. Sybert*, 335 Ill. App. 3d 1136, 783 N.E.2d 106 (2003) (insurer insured both vehicles).

■ The fact that an additional insured, such as a pedestrian or passenger, is not a signatory to the contract does not exempt such an insured from the application of policy conditions and requirements to which a named insured is subject. 3 I. Schermer & W. Schermer, Automobile Liability Insurance 3d § 48:7 (Cum. Supp. 2003). The cooperation clauses in liability policies are binding on persons claiming to be additional insureds. *Perry v. Saleda*, 34 Ill. App. 3d 729, 736, 340 N.E.2d 314, 320 (1975). A son who received payments under his father's health insurance policy was obligated to honor the subrogation agreement in the policy. The son could not accept the benefits of the coverage and at the same time reject the burden of the health insurer's subrogation rights. *Scott*, 208 Ill. App. 3d at 848-49, 567 N.E.2d at 606-07. Some cases have refused to allow subrogation where the injured person is a minor, on the basis that the parents are the ones liable for the medical expenses, under the Rights of Married Persons Act, sometimes referred to as the family expense statute (750 ILCS 65/15 (West 2002)), and the health insurer accordingly did not pay a debt of the minor. See *In re Estate of Hammond*, 141 Ill. App. 3d 963, 967, 491 N.E.2d 84, 86-87 (1986). Other courts have disagreed. See *Sosin*, 258 Ill. App. 3d at 953, 630 N.E.2d at 972 (trial court found the minor was a third-party beneficiary of the contract as the medical expenses that were paid constituted a financial benefit to the minor himself). Minority is not an issue in the present case.

■ Cleveland argues that a contract may not be enforced against a nonparty, a nonsignatory to a contract, even if that person is a third-party beneficiary. It is certainly true that an individual may not be

required to pay his neighbor's note or for his neighbor's car repairs or on his neighbor's lease, unless he has signed those contracts. What Cleveland is attempting to do in this case, however, is to benefit from the contract without complying with its provisions. American Family's payment of medical bills here was not under the liability portions of its policy. American Family had no obligation to pay Cleveland's medical bills unless Cleveland qualified under the medical payments provision of the policy, including the requirement that subrogation be allowed. Similarly, a nonsignatory to an automobile policy may be insured under its liability provisions if the nonsignatory is driving the vehicle with the permission of the named insured. To obtain the benefit of liability coverage, however, the nonsignatory must comply with the policy provisions, including notice to the insurer, and cooperate with the insurer in the investigation and settlement of the case.

In the present case, Cleveland allowed the payment of medical bills on her behalf under the American Family policy. Cleveland was an insured under that policy, although she was not a named insured or a signatory to the policy. Cleveland's attorney agreed that American Family's subrogation rights would be honored. Cleveland could not accept the benefits of the coverage and at the same time reject the subrogation rights that the coverage afforded American Family.

Although the trial court dismissed the contractual-subrogation count and the third-party-beneficiary count, and the case proceeded to trial on the equitable-subrogation count, there was only one cause of action here. Separate claims constitute the same cause of action if they arise from a single group of operative facts even if they assert different theories of relief. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311, 703 N.E.2d 883, 893 (1998). The parties had a full opportunity to present evidence and argument on their cause of action. The insurance contract here unambiguously provided for subrogation. We conclude the trial court erred as a matter of law in ruling that American Family was not entitled to subrogation in this case. We accordingly reverse. We remand for the entry of an order in accordance with this decision.

■ Cleveland appeals the court's denial of her request for attorney fees and asks us to award attorney fees incurred in defense of this appeal pursuant to Illinois Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)). Because American Family prevails in this appeal, we affirm the court's ruling that each party must bear its own attorney fees and deny Cleveland's request for attorney fees on appeal.

## III. CONCLUSION

For the reasons stated, with respect to American Family's appeal,

952

we reverse the trial court's judgment and remand with directions; with respect to Cleveland's cross-appeal, we affirm.

Affirmed in part and reversed in part; cause remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.