2013 IL App (1st) 121365

SIXTH DIVISION
August 30, 2013

No. 1-12-1365

| | |
|---|---|
| AKEEM MANAGO, a Minor by His Mother and Next Friend, APRIL PRITCHETT, | Appeal from the Circuit Court of Cook County |
| Plaintiff and Petitioner-Appellee, | |
| v. | |
| THE COUNTY OF COOK, | No. 08 L 13211 |
| Respondent-Appellant | |
| (Chicago Housing Authority, a Municipal Corporation, and H.J. Russell and Company, | Honorable Thomas L. Hogan, Judge Presiding. |
| Defendants). | |

JUSTICE REYES delivered the judgment of the court, with opinion.
Presiding Justice Lampkin concurred in the judgment and opinion.
Justice Gordon dissented, with opinion.

**OPINION**

¶ 1    Respondent Cook County (County) appeals an order entered by the circuit court of Cook County striking, dismissing and extinguishing a hospital lien arising under the Health Care Services Lien Act (Act) (770 ILCS 23/1 *et seq*. (West 2004)) for services rendered to plaintiff Akeem Manago by the John H. Stroger, Jr., Hospital of Cook County (Hospital).  On appeal, the County contends the circuit court erred in extinguishing the lien, arguing: (1) it was not required to intervene in plaintiff's personal injury action against defendants Chicago Housing Authority (CHA) and H.J. Russell and Company (Russell); (2) a hospital lien may be enforced against a minor; and (3) the hospital lien may attach to a judgment that does not include an award of

damages for medical expenses. For the following reasons, we reverse the order of the circuit court and remand the case for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     This case arises out of injuries plaintiff suffered on August 5, 2005. The Hospital provided care and treatment to plaintiff for these injuries on various dates between August 6, 2005, through September 28, 2010. The Hospital filed a notice of lien against plaintiff for unpaid hospital bills on August 10, 2009. The enforceability of the lien against a judgment entered by the circuit court in plaintiff's underlying personal injury lawsuit is the subject of this appeal.

¶ 4     The record on appeal discloses the following facts. On November 26, 2008, plaintiff filed a three-count negligence complaint against the CHA, Russell and A.N.B. Elevator Services, Inc. (A.N.B.), through his mother and next friend, April Pritchett (Pritchett), seeking damages for personal injuries suffered in an elevator operated and controlled by Russell and A.N.B. on the CHA premises at 1520 West Hastings in Chicago on August 5, 2005.[1] Plaintiff alleged he was injured while an invitee on CHA premises. Plaintiff claimed the defendants carelessly and negligently failed to inspect and maintain the elevator, which was a direct and proximate cause of plaintiff's injuries.

¶ 5     On March 9, 2011, plaintiff filed his second amended complaint, a two-count negligence complaint against the CHA and Russell, which specifically alleges plaintiff was a minor age 14 on the date of his injuries. The second amended complaint again alleges defendants' general

_____

[1] The County's brief mistakenly places the filing of the complaint as November 6, 2008.

failure to inspect and maintain the elevator. The second amended complaint, however, alleges defendants failed to inspect the elevator to ensure persons, including the minor plaintiff, would not have access to the elevator roof. Plaintiff also alleges the CHA permitted an "attractive nuisance" to exist, placing minors at risk for harming themselves. Plaintiff further alleges defendants carelessly and negligently permitted him access to the elevator roof and that plaintiff was injured while the elevator was in motion.

¶ 6    The record sets forth a notice of lien dated August 10, 2009, mailed from the County to plaintiff's attorney by certified mail, stating the County was asserting a lien upon plaintiff's cause of action under the Act for medical and hospital services rendered to plaintiff after the August 5, 2005 incident. The return receipt for the notice of lien, addressed to the law office of plaintiff's attorney, was signed by "D. Pinto."

¶ 7    On December 7, 2011, following a bench trial the court held on plaintiff's personal injury action, commenced without a court reporter, the trial court issued an order with A.N.B. no longer listed as a party in the caption, which lists Akeem Manago "*et al.*" as the plaintiff. The order indicates that following the presentation of the evidence, plaintiffs requested damages in the following amounts:

> "April Pritchett – $79,572.63 for the medical bills stipulated to by the parties; Akeem
>
> Manago – $704,000 broken down in this fashion – scarring; 350,000; past pain and
>
> suffering – $300,000; and future loss of a normal life – $54,000."[2]

_____

[2] The second amended complaint does not contain any claim by April Pritchett for medical expenses. However, in this appeal, the County makes no issue regarding the trial court's

Defendants requested they be found not liable or, in the alternative, plaintiff be found 50% responsible for his own injuries.

¶ 8    The court rendered the following findings: (1) that the CHA knew or should have known through its agents at Russell that minor residents could access the elevator roof while the elevator was in motion; (2) notwithstanding this actual or constructive notice, neither the CHA nor Russell inspected the elevator access doors to determine whether the doors were open and allowed passengers to gain access to the elevator roof; (3) plaintiff, while lawfully riding the elevator and after having been directed by Pritchett not to ride on the roof, climbed onto the roof on August 5, 2005, through one of the access panels; (4); plaintiff suffered severe and permanent injuries as a result of becoming entangled in the elevator's operating mechanism; and (5) although the parties stipulated to the medical bills in the amount of $79,572.63, plaintiffs adduced no testimony as to who was responsible for their payment.

¶ 9    The court also found plaintiff had established a *prima facie* case against defendants, but "Plaintiff April Pritchett" failed to do so, due to the lack of evidence presented by Pritchett establishing any expectation of having to pay the medical bills.  The court awarded plaintiff: $250,000 for past, present and future scarring he will be forced to endure for the next 54.1 years; $75,000 for past, present and future pain and suffering; $75,000 for past, present and future loss of a normal life.  The court further indicated plaintiff was 50% responsible for his injuries and reduced the judgment from $500,000 to $250,000.

¶ 10    Pritchett filed a motion to reconsider, based on the trial court's failure to award damages

characterization of the claims at trial.

for the medical expenses, which was denied. On December 8, 2011, defendants filed a motion to clarify the order on the ground the itemized expenses in the order amounted to $400,000, not the $500,000 aggregate mentioned in the order. On December 9, 2011, the trial court issued an order clarifying the judgment was $400,000, reduced to $200,000, and the court would retain jurisdiction for the adjudication of any liens.

¶ 11    On January 25, 2012, plaintiff filed a petition to strike and extinguish the Hospital's lien. The petition asserts Pritchett filed a count in the complaint seeking damages for medical expenses.[3] Plaintiff's petition to strike and extinguish the lien argues: (1) a medical care provider has no claim for reimbursement against funds received by a minor from a tortfeasor pursuant to a judgment or settlement; and (2) any claim for medical expenses incurred in treating a minor for injuries sustained due to a tortfeasor's negligence belong to the parents, rather than the child. On March 2, 2012, the County filed its response to plaintiff's petition, arguing the Act does not allow a lien to be disallowed or reduced for medical services rendered to a minor, regardless of whether the minor's parents have a claim to recover medical expenses from a tortfeasor.

¶ 12    On April 25, 2012, the circuit court held a hearing on plaintiff's petition. Counsel for CHA and Russell, in addition to counsel for the County and plaintiff, presented arguments before the court. At the hearing, the trial judge inquired whether the Hospital had a duty to intervene in

---

[3] The second amended complaint twice alleges Pritchett expended and incurred obligations for medical expenses and care, but contains no separate count on this subject and does not name Pritchett as a plaintiff. The County, however, does not dispute the trial judge's characterization of the pleadings.

the personal injury litigation to protect its lien. The trial judge also stated one count of the complaint involved a claim by Pritchett under the Rights of Married Persons Act (750 ILCS 65/15 (West 2004)), seeking reimbursement of plaintiff's medical expenses.[4] The trial court further inquired whether the Hospital's counsel had read the December 7 order, particularly the ruling that Pritchett failed to establish she was entitled to damages for medical expenses. Moreover, the trial judge questioned the Hospital's counsel about the existence of any case law permitting the imposition of the lien against a minor. The Hospital's counsel responded he cited *In re Estate of Cooper*, 125 Ill. 2d 363 (1988), and *In re Estate of Enloe*, 109 Ill. App. 3d 1089 (1982), in the Hospital's memorandum. The trial judge stated *Cooper* involved a settlement, rather than a judgment after a trial. The trial judge also stated "*Enloe* is a Fourth District case." The trial judge concluded under the circumstances presented by this case, the Hospital had produced no case law permitting it to recover from the plaintiff after not appearing to protect the lien at trial.

¶ 13    Following the hearing, the circuit court denied plaintiff's motion to reconsider. The circuit court, however, granted plaintiff's motion to strike, dismiss and extinguish the Hospital's lien. On May 7, 2012, the circuit court entered an agreed order directing plaintiff's counsel to escrow $66,666.67 in an interest-bearing account under plaintiff's name until further order of the court. On May 10, 2012, the County filed a timely notice of appeal to this court on behalf of the

---

[4] Neither the initial complaint nor the second amended complaint included in the record on appeal contains such a claim. The County, however, does not dispute the trial judge's characterization of the operative pleading on appeal.

Hospital. On February 19, 2013, this court accepted the case for consideration on the appellant's brief, due to the appellee's failure to file an appellate brief within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008).

¶ 14                                    DISCUSSION

¶ 15    On appeal, the County, on behalf of the Hospital, argues the trial court erred in striking, dismissing and extinguishing its statutory lien. The County does not dispute any of the trial judge's findings of fact. Where the court is requested to determine the correctness of the trial court's application of law to undisputed facts, our review is *de novo*. *Wills v. Foster*, 229 Ill. 2d 393, 399 (2008). "Under the *de novo* standard of review, the reviewing court does not need to defer to the trial court's judgment or reasoning." *Platinum Partners Value Arbitrage Fund, Ltd. Partnership v. Chicago Board Options Exchange*, 2012 IL App (1st) 112903, ¶ 12. "*De novo* review is completely independent of the trial court's decision." *Id*.

¶ 16    This court accepted the case for consideration solely on the appellant's brief, which asserts particular errors in the reasoning provided by the circuit court. We observe trial court judgments may be affirmed for any reason, and the appellate court may sustain a judgment upon any ground warranted. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983). "It is the judgment and not what else may have been said by the lower court that is on appeal to a court of review." *Id*. Nevertheless, in the absence of an appellee's brief, the trial court's expression of its reasoning assists our review. See *Graham v. Northwestern Memorial Hospital*, 2012 IL App (1st) 102609, ¶ 40. In addition, given our *de novo* review, we will consider the argument presented and authority cited by plaintiff's petition, which here overlaps

7

with the trial court's concerns as expressed at the hearing on the petition.

¶ 17                    Intervention and the Health Care Services Lien Act

¶ 18    The County argues the Hospital was not required to intervene in the underlying personal injury action to protect its lien.  We agree.  The Act provides in relevant part:

> "The lien shall include a written notice containing the name and address of the injured person, the date of the injury, the name and address of the health care professional or health care provider, and the name of the party alleged to be liable to make compensation to the injured person for the injuries received.  The lien notice shall be served on both the injured person and the party against whom the claim or right of action exists.  Notwithstanding any other provision of this Act, payment in good faith to any person other than the healthcare professional or healthcare provider claiming or asserting such lien prior to the service of such notice of lien shall, to the extent of the payment so made, bar or prevent the creation of an enforceable lien.  Service shall be made by registered or certified mail or in person."  770 ILCS 23/10(b) (West 2004).

In this case, the Hospital provided notice to plaintiff's attorney by certified mail.  Moreover, plaintiff, by filing a petition to strike and extinguish the lien, demonstrated actual notice of the lien.  Although the record contains no evidence the County served notice on the tortfeasors, it is apparent the tortfeasors had notice of the lien through the appearance of their counsel at the hearing on the petition.  Accordingly, we conclude the lien is not invalid for notification reasons. See *Cirrincione v. Johnson*, 184 Ill. 2d 109, 113-14 (1998).  To  invalidate the lien due to technicalities would not only elevate form over substance, but would also be contrary to the

purpose of the statutory lien, which is to lessen the financial burden on those who treat nonpaying accident victims. *Id*.

¶ 19    Furthermore, pursuant to statute, "[t]he lien of a health care professional or health care provider under this Act shall, from and after the time of the service of the lien notice, attach to any verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person." 770 ILCS 23/20 (West 2004). Thus, under the Act, "[o]nly when a recovery is made can the lien come into existence, because absent a provision to the contrary, a lien is created only when there is property on hand to which it may attach." *Estate of Cooper*, 125 Ill. 2d at 369. Consistent with *Estate of Cooper*, our supreme court subsequently ruled that, unlike a subrogee or a member of a class action, a hospital lienholder has no standing to participate in a plaintiff's personal injury lawsuit, and cannot bring independent causes of action against the tortfeasors. *Wendling v. Southern Illinois Hospital Services*, 242 Ill. 2d 261, 270 (2011). Insofar as a hospital lienholder having no standing to participate in a plaintiff's personal injury lawsuit, the County cannot be required to intervene in such a suit on the Hospital's behalf. *Id*.

¶ 20                    Enforcement of a  Health Care Services Lien Against a Minor

¶ 21    The County next argues a hospital lien may be enforced against a minor. The County relies (as it did in the circuit court) on *Estate of Enloe*, in which this court rejected the argument a minor could not be held liable under a hospital liens statute simply because parents are liable for the medical expenses of their minor children under the family expenses statute. This court ruled the family expenses statute merely provides an alternative remedy for creditors. *Estate of Enloe*, 109 Ill. App. 3d at 1091-92. "Since the legislature instead merely stated the expenses shall be

capable of being charged to the family's property, it follows that this is not an exclusive remedy and therefore it does not conflict with the clear language of the Hospital Liens Statute." *Id*. at 1092.

¶ 22   The transcript of proceedings in this matter suggests the trial judge did not consider *Estate of Enloe* because it was decided by the Fourth District of this court.  The doctrine of *stare decisis*, however, requires courts to follow the decisions of higher courts.  *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008) (and cases cited therein).

¶ 23   The case law plaintiff cited in the circuit court fell into two categories.  First, plaintiff cited cases rejecting subrogation liens asserted by insurers against minors.  See, *e.g.*, *Estate of Aimone v. State Health Benefit Plan/Equicor*, 248 Ill. App. 3d 882, 883-84 (1993); *Kelleher v. Hood*, 238 Ill. App. 3d 842, 849 (1992); *In re Estate of Hammond*, 141 Ill. App. 3d 963, 965 (1986); *Estate of Woodring v. Liberty Mutual Fire Insurance Co.*, 71 Ill. App. 3d 158, 160 (1979).  None of the cases plaintiff cited involved the Act.  Furthermore, a hospital lienholder under the Act is unlike a subrogee.  *Wendling*, 242 Ill. 2d at 270.  Indeed, in *Estate of Aimone*, this court distinguished *Estate of Enloe* on this basis.  *Estate of Aimone*, 248 Ill. App. 3d at 884.

¶ 24   Second, plaintiff relied on cases stating parents are liable for the medical expenses of their minor children under the the family expenses statute, thereby providing the cause of action to the parents.  *E.g.*, *Graul v. Adrian*, 32 Ill. 2d 345, 347 (1965); *Reimers v. Honda Motor Co.*, 150 Ill. App. 3d 840, 843 (1986);  *Kennedy v. Kiss*, 89 Ill. App. 3d 890, 894 (1980).  This court recognized this basic point from *Graul* and its progeny in *Estate of Enloe*, but ruled the family expenses statute merely provides an alternative remedy for creditors.  *Estate of Enloe*, 109 Ill.

App. 3d at 1091-92. Again, *Graul* and its progeny simply do not address the situation arising here under the Act. Accordingly, absent contrary authority or directly applicable amendment to the statute (neither of which was cited by the trial judge or the plaintiff) the trial court was required to follow *Estate of Enloe*.

¶ 25 The trial judge also attempted to distinguish *Estate of Cooper*, which involved a recovery from a minor's estate, on the ground it involved a settlement, rather than a judgment. The plain language of the Act, however, clearly provides the lien attaches to "any verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person." 770 ILCS 23/20 (West 2004). Consequently, we conclude the trial court should not have stricken and extinguished the lien simply on the basis it attached to an award to a minor, or on the ground it involved a judgment instead of a settlement.

¶ 26 Causality and the Health Care Services Lien Act

¶ 27 The County lastly argues the trial court erred in striking and extinguishing the lien on the ground the trial court awarded no damages for medical expenses in the personal injury lawsuit. On this point, we find *Anderson v. Department of Mental Health & Developmental Disabilities*, 305 Ill. App. 3d 262 (1999), highly instructive. In *Anderson*, this court interpreted the prior version of the Act, which provided:

> "§ 1. *** Every hospital rendering service in the treatment, care, and maintenance, of an injured person shall have a lien upon all claims and causes of action *** for the amount of its reasonable charges ***.

> * * *

11

§ 2. The lien of such hospital shall *** attach to any verdict or judgment secured in any action by the injured party based on the negligent or wrongful act, and to any money or property which may be recovered by compromise settlement, or in any action brought by such injured person on account of such claim or right of action." 770 ILCS 35/1, 2 (West 1996).

The *Anderson* court reasoned:

"Section 2 of the Act provides that a hospital lien shall attach to any verdict or judgment obtained in any action by the injured person 'based on the negligent or wrongful act.' 770 ILCS 35/2 (West 1996). The quoted phrase is the key to the legislature's intent. Without this phrase, the statute would permit the lien to be attached to any verdict or judgment recovered by the injured person. However, the legislature chose to include this phrase and, therefore, it must have meaning. The phrase 'the negligent or wrongful act' limits the situations in which a lien may be asserted to recoveries relating to the tortious act that injured the individual. To read the unambiguous words otherwise would render them superfluous and we would not be effectuating the legislators' intent." *Anderson*, 305 Ill. App. 3d at 266.

Accordingly, this court ruled the prior version of the Act required a causal connection between the injuries resulting in the settlement in *Anderson* and the treatment provided to Anderson. *Id*.

¶ 28    The prior version of the Act, however, was repealed and replaced with the current version of the Act in 2003. See *Galvan v. Northwestern Memorial Hospital*, 382 Ill. App. 3d 259, 272 n.3 (2008). The current version of the Act provides "[t]he lien of a health care professional or

health care provider under this Act shall, from and after the time of the service of the lien notice, attach to any verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person." 770 ILCS 23/20 (West 2004). The attachment of the lien is no longer " based on the negligent or wrongful act." Compare 770 ILCS 35/2 (West 1996) with 770 ILCS 23/20 (West 2004). Moreover, the attachment of the lien is no longer limited to an "action brought by such injured person on account of such claim or right of action." Compare 770 ILCS 35/2 (West 1996) with 770 ILCS 23/20 (West 2004).

¶ 29    The legislature had amended the Act to remove the limiting language prior to *Anderson*, but our supreme court found the amendment unconstitutional for violating the single-subject rule of the Illinois Constitution. *Anderson*, 305 Ill. App. 3d at 266 (citing *People v. Reedy*, 186 Ill. 2d 1 (1999)). Accordingly, this court did not consider the amendment. *Id*. Nevertheless, *Anderson* makes clear removing certain phrases from the prior version of the Act "would permit the lien to be attached to any verdict or judgment recovered by the injured person." *Id*. The legislature is presumed to be aware of judicial decisions interpreting legislation. *Pielet v. Pielet*, 2012 IL 112064, ¶ 48 (citing *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 218 (1983)). Accordingly, we presume here the legislature was aware this court would view the absence of phrases included in the prior version of the Act as allowing a hospital's lien to attach to any verdict or judgment recovered by the injured party, regardless of whether the recovery included an award for medical expenses. Thus, we conclude the Hospital's lien may properly attach to the judgment secured by the plaintiff in this case.

¶ 30                                    CONCLUSION

¶ 31    In sum, we conclude the Hospital's lien was not invalidated for technical reasons.  In addition, the Hospital was not required to intervene in the personal injury lawsuit to protect its lien.  Furthermore, the Hospital's lien may properly attach to a recovery by a minor.  Lastly, the Hospital's lien may attach to a recovery even where the recovery does not contemplate an award for medical expenses.  For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶ 32    Reversed and remanded.

¶ 33    JUSTICE GORDON, dissenting.

¶ 34    I must respectfully dissent because the majority's decision that a hospital lien for medical expenses is enforceable on a judgment that does not include an award of damages for medical expenses is contrary in long-standing Illinois law.  *Bernardini v. Home & Automobile Insurance Co.*, 64 Ill. App. 2d 465 (1965).  This court concluded in 1965 in *Bernardini* that medical expenses can be subrogated against a judgment or settlement only to the extent of the medical damages that are included in the judgment or settlement because if the subrogated amount attaches to pain and suffering, loss of a normal life, or other similar damages, it would be an assignment of a tort which is void as against public policy.  *Bernardini*, 64 Ill. App. 2d at 466-67.  *Bernardini* is still good law and has been cited in many similar decisions.  See *In re Estate of Mallerdino*, 20 Ill. App. 3d 331, 336 (1974); *Margolin v. Public Mutual Fire Insurance Co.*, 4 Ill. App. 3d 661, 668 (1972); *Dinn Oil Co. v. Hanover Insurance Co.*, 87 Ill. App. 2d 206, 212 (1967).  The majority concludes that the case at bar is not subrogation and is therefore

distinguishable. It makes no difference because to take a portion of one's damages for medical expenses would still be contrary to long-standing public policy, whether it be by subgoration or by statute. The cases cited by the majority do not address this problem.

¶ 35    In addition, it is well established in Illinois that the parents of a minor child are responsible for the child's medical expenses. Ill. Rev. Stat. 1973, ch. 68, ¶ 15: *Graul v. Adrian*, 32 Ill. 2d 345, 347 (1965); *Mercy Center for Health Care Services v. Lemke*, 199 Ill. App. 3d 958, 961 (1990); *Estate of Woodring v. Liberty Mutual Fire Insurance Co.*, 71 Ill. App. 3d 158, 160 (1979); *Bibby v. Meyer*, 60 Ill. App. 2d 156, 163 (1965).

¶ 36    Since the obligation to pay medical payments is on the parent, the cause of action to recover for the medical expenses lies in the parent, not in the child. *Bibby*, 60 Ill. App. 2d at 163. Although a parent may assign his or her cause of action to the child, that was not done in the case at bar. Thus, a child cannot recover for medical expenses where the parent could not. *Bibby*, 60 Ill. App. 2d at 163. In the case at bar, the rendering of the medical services was not made on the minor's own credit, as is clearly shown by the fact that the hospital expenses were billed to the mother,[5] not the minor. See *Kennedy v. Kiss*, 89 Ill. App. 3d 890, 895 (1980). Since the trial court found in favor of defendants on the medical expense claim, the hospital's lien could not attach to the minor's award for permanent scarring, pain and suffering, and loss of a normal life.

¶ 37    In addition, the majority disregards years of legal precedent that requires a hospital or any medical provider to prove that its medical charges are the fair, reasonable, and customary

---

[5] We assume the mother was billed for the expenses because her name appears on the bills in evidence.

charges. *Crescent Coal Co. v. Industrial Comm'*, 286 Ill. 102, 104 (1918); *Silver Cross Hospital v. Boyden*, 351 Ill. App. 283, 288 (1953). In order for Stroger Hospital to do so, this case would have to be remanded to the circuit court because the record fails to show any attempt to prove that the medical expenses are the fair, reasonable and customary charges.

¶ 38 The lien in this case was extinguished by the trial court as a matter of law, and the proving of the medical expenses never occurred. To allow the lien to prevail would require proof by the hospital that the charges are the fair, reasonable, and customary charges.

¶ 39 Part of the adjudication process of a hospital lien is the reasonableness of the charges. 770 ILCS 23/10(a) (West 2004) (hospital charges must be reasonable). There is no evidence in the case at bar as to the reaonableness of the charges. As a result, the majority in its decisionmaking process must remand with instructions for the trial court to consider the reasonableness of its charges at the very least.

¶ 40 I believe that the majority's decision here disregards existing Illinois law and public policy and sets a dangerous precedent for the future. I realize that Stroger Hospital, which is operated by the County of Cook, treats the poor and the indigent and has great difficulty in enforcing its liens to the detriment of all of its citizens. However, it is the job of the legislature to pass a law that will protect the hospital that is not against public policy and existing law. As a result, I must respectfully dissent.